OPINION of the Court, by
Judge Owsley.-
— -This
was an ejectment, brought _by the defendant in error against the plaintiffs to recover the possession of a tract of land patented in the name of Robinson, the lessor of the defendant. The plaintiffs claim the land under a sale and conveyance made by the register of the land-office, for the nonpayment of the tax for the year 1800. It was shewn in evidence that the patent issued to Robinson for 2200 acres, and that it was entered for taxation in the book of the auditor of public accounts for the year 1800, asa tract of 2200 acres, the tax on which was §4 40 cents ; and that the taxes in the year 1801 were due and unpaid, and that the auditor, according to the custom of the office, intended to be in pursuance of law, sent to the register a book containing a list of lands of nonresidents on which the taxes were unpaid, with the amount of taxes, &c, ; that in that book was inserted a tract of 2176 acres, taxes due thereon for the year 1800 ¾ 4 35, which was intended to mean the said tract of 2200 acres, but by some casualty the true quantity was mistaken ; and that it was exposed to sale as a tract of 2176 acres, and 2100 acres thereof sold for the taxes thereon due and unpaid for the year 18®0, *327 amounting to ¡S 4 35, for which the regjster first made his certificate and then his deed, which is recorded, &c. It was also shewn in evidence that said Robinson held no other tract of land in Kentucky, and that neither he nor any person of the same name had any lands listed with the auditor for taxation, save the tract aforesaid.
His «deed ¿hould betafcm as prima fam evidence that the requisitions of the law haá been fulfilled» but proof t&afc the law had sol: been regularity 4 purfued In making the fafe» is admiífible m the trial of am ejedlment.
The ftatrtf» intends tin* there fhould ¡te three monr&a betweenthefiiffi: publication an& the day of fa⅛⅛ and the public printer is a com petent wicnafe to prove tha£ fuch publication was && made*
On the motion of the plaintiff in ejectment the court below instructed the jury that the variance between the quantity entered with the auditor for taxation and that contained in the list sent out by him to the register, was such that Robinson was not in law divested of the title which he had held to the land.
Exceptions were taken to the opinion of the court, hnd the whole evidence, including the patent to Robinson and the certificate of sale and deed of the register, &c. made part of the record. A judgment was obtained in favor of the plaintiff in ejectment.
The first question presented for the decision of this court, is as to the correctness of the instructions given by the court below. From any view we have been enabled to take of this case, we cannot accord in opinion with the instructions given by that court. It is clear that the evidence produced on the trial in the court below, not only conduced to the proof, but afforded clear and irrefragable proof that the tract transmitted by the auditor to the register (though by some casualty there exists a mistake in the quantity) is the same patented to Robinson and entered lor taxation. But if the evidence only conduced in the slightest degree to the proof of such a fact, that court should in deciding on the motion, and we must in reviewing that decision consider the fact as incontrovertibly established : for as the jurors are the proper and constitutional judges of the fact, the instructions of the court should have been given on the supposition of the existence of all those facts which the evidence in any wise tended to prove.
Considering, then, the tract transmitted by the auditor to the register the same that was entered for taxation, it is evident the variance in the quantity cannot tiave the effect supposed by the court below : for the law regulating the conduct of the auditor, does not require any particular description to be observed, and every purpose of justice is abundantly answered by-⅛ description which dearly shews the tract intended.
*328 ■ The instruction given by that court is ¡therefore erroneous, an'd the judgment for that cause must be reverséd..
But as a new trial must be awarded, it becomes necessary to consider whether or not* that court decided correctly in rejecting the evidence of William Hunter, which was offered by the plaintiff in that court.
The sale and conveyance of the register, when legally made, passes to the purchaser the legal title ; and in a contest involving the validity of such a sale, the register’s deed (as he is an officer of the government presumed by law to do his duty) should be taken as prima fa-cie evidence of the requisitions of the law having been fulfilled. But as the register derives his authority to sell lands for the nonpayment of taxes from the law, to make his deed effectual to pass the title, that authority must be strictly pursued ; and although the deed will prima facie prove the correct exercise of the authority, it may be repelled by proof that the law was not regularly pursued in making the sale.
This is not like the case of a sale and conveyance made by a sheriff under a feri facias, where it has been held that though the sheriff may not have complied with the requisitions of the law in advertising the time of sale, his deed passes the title-to the purchaser. In that case the feri facias is the authority of the sheriff, and if it be pursued the title vests in his alienee ; but if in that case the authority is not pursued, the title will not pass. As if, under an elegit, the sheriff, instead of delivering the possession, should sell and convey, his conveyance would not pass the title from the defendant in the execution ; because in sucji a case the execution gives no authority to sell: so iii%e present case, as the authority of the register is created by the law, the law must be pursued to pass the tille. And in a contest involving such a title, proof of a failure to comply with the law in making the sale, forms an available defence — See 4 Cranch 403. This defence, strictly speaking, we apprehend is of a legal, and not an equitable nature : for as the law forms the authority to sell, it must be matter of law whether that authority has or has not been regularly pursued.
As, therefore, the plaintiff in the court below could avoid the effect of the register’s deed by proof of the sale having been illegally made, it results the evi* *329 Anee offered by him in that court, but which was rejected, if it tended to prove such irregularity, should have been admitted. That the evidence tended to such proof we think evident. The law requires the register should advertise the time and place of sale for three months, twice in each month successively, in the gazette of the public printer. The obvious meaning of this provision of the law, requires the time and place of sale should be advertised at least three months before the time of sale : for it is clear the time of sale cannot be advertised for three months unless there should be at least that time between the first publication and the day of sale. The evidence which was rejected should therefore have been received, as it tended to prove the register did not advertise the time of sale for three months as the law requires.
The judgment of the court below must therefore be' reversed with costs, and the cause remanded to that court for a new trial to be had consistent with the principles of this opinion.