THIS was an action of ejectment on the demise of Graves. Hayden was admitted a defendant, and the cause was tried upon the general issue. On the trial Graves deduced title to himself from Hudson Martin, to whom the common wealth had granted a tract of land of 1000 acres, by patent bearing date the 6th of May, 17Sri, and proved the boundaries thereof, and that the defendant lived within the same. The defendant produced in evidence, a patent from the commonwealth to Lamine, and Givens, for 4016 acres, bearing date the 14th of June, 1800, purporting to have issued on a sur. vey made the 23d of June, ¡788, interfering with the tract patented to Martin, and he proved, that Doran had located the land for Lamine and Givens, and was entitled to one half. He then read a receipt from Uo. ran to Doncaster, for part of the piece of 50 or 60 acres, with assignments thereon to the defendant, and .proved, that he and those under whom he claimed, had been in possession for more than twenty years before the commencement of the suit. The plaintiff then proved, that sixty acres had been laid off to the defendant by metes and bounds, upwards of twenty years past, but since the purchase from Doran j and that part of the defendant’s inclosure, was outside of the sixty acres. lie aiso proved, that the. defendant, for more .than fifteen years, had claimed to hold the land in dispute, under the title of Hudson Martin. The defendant then produced a deed from James Horton, to Philips. &q. bearing date the 13th of March, 1800, purporting to be a conveyance of 337 acres, part of 900 acres, in the name of Hudson Marlin, which was sold by him. as sheriff of Washington county, on the 5th of September, 1798, and a deed of conveyance from Philips, &c. to the defendant, for the same, and proved that R included the land in controversy. He also proved,. *63 th,at Horton was, in May 1798, elected sheriff for Washington county, and iti July took the oaths of of fice, anil executed in the county court two bonds, the one for the collection of the taxes. &c. and the other for the performance of the duties of his office. The lessor of the plaintiff, produced a certificate from the secretary of state, that tiicie was no record on the executive journals. of any commission having issued to Horton as sheriff, during the year 17y8. nor sometime before and after, and an order of the county court, dismissing Horton from office, in April, 1799, for failing to give bond and security for the revenue, &c.
On this evidence, the lessor of the plaintiff moved the court to instruct the jury : 1st. That if, from all the evidence, they believed that Horton was not commissioned by the governor, as sheriff of Washington county, and was not commissioned at the time he made the sale to Philips, &e. that the sale was void : 2d. That the deed from Horton to Philips, &c. was void, if, from the evidence, they were of opinion, that he was not sheriff at the time of executing the deed : - 3d. That the said deed was void, unless the defendant could show, that the requisites of the law had been complied with, because the same was not stated on the face of the deed : 4 th. That from the face of the deed, no part of-the 1000 acre tract passed, because said deed showed, that it was for a part, of a 900 acre tract, and that a mistake in describing the land sold by any of the officers of government, rendered the sale void : 5t,h. If they believed all the evidence', that the plaintiff had a right to recover all the land-lie claimed, outside of 337 acres, when taken off the west end. and running at right angles : 6t,h That if they believed all the evidence, thv plaintiff had a right to recover all the land he claimed in the survey of Hudson Martin, which is not within the deed from Horton'to Philips, &c. when thus run at right angles, beginning at the north-west corner. The fifth and sixth instructions the court gave, and refused the others, to which the plaintiff excepted.
The defendant then moved the court to instruct the jury, that if they believed, from the evidence, that he, and those under whom he claimed, had been in possession of the sixty acres, laid off to them under Lamme ■and Givens, for more than twenty years before the *64 commencement of the suit, that, for that quantify of land, they should find for the defendant, the plaintiff’s r¡gijt 0f entry being tolled by the lapse of time. The court did not give the instruction, as ask.td by the defendant ; but instructed the jury, that the plaintiff was barred of his action, if they believed the evidence as to all the sixty acres, which had been so laid off, which ■would not be included in the 337 acres sold for taxes by the sheriff, when beginning at the north west corner of Hudson Martin’s 1000 acre claim, although the-same might not be in the boundaries of the deed from the sheriff to Philips. Ike. To this instruction the plaintiff excepted, and the jury having found apart only of the land in controversy for the plaintiff, and a judgment being rendered therefor, he has appealed to this court.
■Wnciev the former conKentu°kyfa shenff was not required to be com thegovtomoj^ excepti» the case ofva the^erection of newcoun-a ties.
Thepower to sell and for the nonpayment of and Cüie oiBeer who 6
2. We shall first notice the points growing out of the instruction asked by the plaintiff, and refused by the circuit court.
^*ie 0<t' these instructions the court was cvi. dently correct in refusing. At the time when the land was sold by Horton, as sheriff of Washington, the for. mer constitution of this state was in force ; and by that, sheriffs were required to be elected* by the peopie, and were not appointed by the governor, except in Case of vacancies, or the erection of new counties ; a!lti w'lpri ai)y one was elected by the people as sheriff, commission by the governor could not he. necessary to authorize him to act. in such a case, a commission was required, neither by the constitution, nor the law ; and wfe apprehend it was not the practice for one to issue.
3. The court, we think-was equally correct in re. fusing the second instruction asked by the plaintiff, rj[7]10 power to sell and convey land for the non. paymerit ot the taxes oue on it, is, in its nature, entire; and (he officer who sells, must convey, though his office may ^iave exi)“‘<,<^ before the latter act shall have been performed. The act of assembly, under which the sale ia *65 this casé was made, plainly pre. suppose that this may lié done ; for it not only makes no provision for the conveyance to be made, by any subsequent officer; but, after authorizing! lie sheriff or collector to sell, and directing the land to be laid off by thecounty surveyor, it provides, that f/ie sherifforcollector shall convey, and thus, by the use of the definite arricie, obviously alluding to the same officer who had sold, and authori zing him to convey, w ithout regard to the circumstance. whether lie had gone out of office or not.
sold while in Owfui^'coiivey after he" is out of office-
havingsold land for the non-payment ”¿^*6 piesumed toP have compliwitl> ;¡ieh cTmrary is ° shown/
a mistakeas to the quan°ft£e . trsct ottered sale> wjp not vitiate sale, if it s^fficiemTy86 identified/ flie purchanonpayment oí taxes, holds ad- ■ /////ner owner; conquently he g//™!/1™" ofyears’adver^a possesion/
The case is, indeed, in principle, analagous to that of a sale and conveyance of land under execution ; and in that case it has been decided, that the sheriff who had sold, might, after he had gone out of office, convey — Allen, &c. vs. Trimble, &c. 4 Bibb 21.
4. With respect to the third instruction asked by the plaintiff and refused by the court, as a general propo. sition it is undoubtedly true, that he who claims to derive title under an authority, must show that the authority has been pursued ; but where an officer of the law has executed an authority, with which he has been entrusted l^y the law, the presumption must be, that he has pursued the authority, unless the contrary be shown. Such was the decision of this court, in the case of Allen vs Robertson, 3 Bibb 328 ; and the same principle was long before acted upon and sanctioned, in the case of Hickman vs Beffman. Hard. 348.
5. The fourth instruction was asked in direct oppo. k ^ sition to the case just cited, of Allen vs. Robertson. yor We can perceive, in fact, no possible principle upon which a mistake in the quantity of the tract sold taxes, if there be otherwise a sufficient description to identify it, can be held to vitiate the sale.
6. The only other point which is necessary to be noticed, grows out of the instruction given by the court to the jury, on the motion of the defendant.
That the plaintiff has no just cause to complain of this instruction, is perfectly clear. The circumstance that the defendant claimed to hold the land in contro versy under Martin’s title, was no evidence of his nor liolding adversely; nor could it prevent the statute limitation from running. Being a purchaser in fee, though he held under Martin’s title, he did not hold Martin, but in his own right, in virtue of his purchase, *66 and mast, therefore, have continued to hold adversely to Martin, and those deriviug title through him.
The judgment must be affirmed with costs.

 tie [the Governor] shall nominate, and by and with 'he consent of the. senate appoint all officers whose offices are established by this constitution, or shall bo etübóshídby law, and ■whose appointments are rot he: ein otherwise provided for” — 1st Const. Art. 3, Sec 8, 1 Utt 26.
The 6th Article provided for the election of sheriffs by the people — 1 íátt 30.