CASE 8—PETITION EQUITY—OCTOBER 17.

## Board of Councilmen of Frankfort v. Mason & Foard Co.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. TAXATION—RIGHT TO ASSESS FOR PREVIOUS YEARS—LIMITATION.— While under the provisions of section 3403 of the Kentucky Statutes, being a part of the charter for cities of the third class, the authority to make assessments and to correct improper assessments or irregularities in assessments, is confined to such omissions or irregularities as occur during the preceding five years, this limitation does not apply to a right acquired by such city under a charter which was in existence at the time of the adoption of the charter for third class cities, as it is provided in said charter for third class cities (sec. 3258, Ky. Stats.), that it "shall not in any manner affect any right, lien or liability ac-

crued, established or subsisting under and by virtue of previous
charters, or amendments thereto, or ordinances passed there-
under."

2. BURDEN OF PROOF.—Where the proper authorities make the levy
and assessment for taxation, and the same is assailed, the pre-
sumption should be indulged that the assessment is correct until
the plaintiff shows that it was improperly made, or that he was
not the owner of the property or that it was not liable for the
taxes in question.

W. A. JULIAN FOR APPELLANT.

1. The allegations of the petition are not sufficient to give rise to a
reasonable presumption that the city and the tax collector were
not authorized to collect the tax in controversy for the years 1886,
1887 and 1888, as the powers of the city relative to assessment
and taxation of property for those years is defined and controlled
by the charter of the city then in force. Sec. 12, Charter of
Frankfort, approved March 16, 1869.

2. Grounds for injunction should be clearly and definitely set forth,
especially with respect to injunctions against the collection of
taxes. High on Injunctions, 2nd Ed., vol. 1, sects. 22, 34 and 485;
Cooley on Taxation, 2nd Ed., p.p. 760-1 and 772-5.

3. The general statutes of limitation apply only to the prosecution
of causes of action, and not to proceedings to assess property
for taxation. Kentucky Statutes, Chap. 80. L. & N. R. R. Co.
v. Com., 1 Bush, 250; L. & N. R. R. Co. v. Com., 8 Ky. L. R., 849.

4. The legislature has no power by statutes of limitation or other-
wise to divest a property right without providing a reasonable
time subsequent to the act in which the right may be enforced.
All statutes of limitation are necessarily prospective only, and
must provide a reasonable time after their adoption in which to
enforce rights existing at the time of the enactment. (Wood on
Limitation    of Actions, sec. 11, and authorities there cited;
Cooley's Const. Lim., 5th Ed.. p. 451; 2 Bush, 231.) Hence it was
provided by the charter for third class cities that it should "not
in any manner affect any right, lien or liability accrued, estab-
lished or subsisting" under a previous charter. Ky. Stats., sec.
3258.

T. L. EDELEN FOR APPELLEE.

1. Where the charter of a municipality authorizes a retrospective
assessment of property, prescribes a board by which it is to be
made and defines the limitations to its powers, the municipality
is limited to the mode and period thus prescribed.

2. No correction can be made of an assessment on which taxes have been paid without specific pleadings (where the matter is directly litigated) showing what property has been omitted, its ownership, and without evidence in support of the allegations.

3. No presumption arises in favor of the action of a board which presumes to correct an assessment made by a sworn assessor, passed on by supervising officers, and acted on by the party who is directly affected. If any presumption is to be indulged at all in this case, it is that the assessments made by the assessors in 1886, 1887 and 1888 on sworn returns made by the taxpayers, were correct. Butler v. Watkins' Exor., 16 Ky. L. R., 302; Bate v. Speed, 10 Bush, 644; City of Louisville v. Louisville Gas Co., 15 Ky. L. R.. 177; Ormsby v. City of Louisville, 79 Ky., 197 ; Louisville v. Cochran, 82 Ky., 15.

4. Section 3258 Kentucky Statutes only applies to matured liens, rights or causes of action.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT:

This is a proceeding by Mason & Foard Co. to enjoin the board of councilmen of the city of Frankfort from the collection of taxes which the city claims to be due it for the years of 1886, 1887 and 1888.

It is averred by Mason & Foard Co. that it "did list for taxation in each of said years its property and capital employed in said city as herein set out, at its fair cash value, and for each of said years paid the levies made by the defendant city; * * * that the defendants, notwithstanding the facts herein stated, have conspired, confederated and combined, without law or right and against the charter of cities of the third class, to increase the valuation of this plaintiff's property for each of the years 1886, 1887 and 1888, and to collect taxes on such increased valuation to the amount of $1,675; that defendants have made what they claim is a new assessment for each of the years 1886, 1887 and 1888."

The answer, among other things, avers that the Mason & Foard Co. is a corporation, with its principal office in the city of Frankfort; that it was only assessed for taxation for the years of 1886, 1887 and 1888 on some horses, mules and vehicles, of the value of about $500; that the assessment on which the city was seeking to collect tax for the years named was on property as follows, to-wit: 1886, manufactured articles, raw material, machinery, of the value of $50,000; 1887, the same character of property of the value of $45,000; and 1888, like property of the value of $45,000, the value being of the date when the assessment should have been made; that none of the property was assessed for the years named; that no tax has been paid thereon for those years; that in the latter part of 1894, upon the report of the tax collector of the city of Frankfort that the property in question had not been assessed for the years named, the common council of the city referred the matter to its finance committee for investigation and report. Upon the report of this committee to the council the assessment was made, and the tax collector proceeded to collect the taxes due under the assessment.

Section 12 of the charter of the city of Frankfort, approved March 16, 1869, provides that "the board of councilmen shall have power and authority to assess annually, levy and collect a tax * * * on all real estate within the limits of said city, and all bank stocks, bridge stocks, manufacturing stocks or any other kind of stocks, money, notes or bonds of cities

towns, corporations or States, choses in action, and all personal estate of every kind not exempt by law from execution belonging to citizens of Frankfort, and any capital or other property belonging to any other corporation or citizen of any other place employed in said city.    *    *    *

There can be no contention in this case as to whether the property embraced in the additional assessment was employed in the city because it was, if at all, owned by a resident corporation, and not by a corporation or citizen of another place; therefore, it is immaterial as to whether or not it was employed.

The only denial which Mason & Foard Co. attempts to make that it owned the property assessed is in its reply, which uses language as follows, to-wit: "It is not true that on the 10th day of January, 1886, 1887 or 1888, this plaintiff had in the city of Frankfort, and subject to taxation, the property in the answer mentioned."

This is not a denial of the specific allegation of the answer that it owned the property mentioned on the 10th day of January, 1886, 1887 and 1888. The plaintiff may have had the property in the city of Frankfort at the dates mentioned, yet may be under the impression that it was not subject to taxation. It is a question of fact as to whether it owned the property on the dates mentioned. As to whether it is liable to taxation is a question of law.

It seems to us under the plain language of the charter the property in question was liable to taxation if

the plaintiff owned it on the dates mentioned.    There appears to be no question that the assessment is regular unless the right to make it had been destroyed by the charter of the cities of the third class or by the statute of limitation.

Section 4021, Kentucky Statutes, combines the provisions of section 2, article 1, General Statutes, and part of the act of March 15, 1894, and by the terms of this statute retrospective assessments are limited to five years.

By the terms of section 3403, Kentucky Statutes, the authority to make assessments and to correct improper assessments or irregularity in assessments is confined to such omissions or irregularities occurring during the preceding five years.

Section 3258, Kentucky Statutes, is part of the charter of cities- of the third class, and is as follows, to wit:    "The repeal of any law by the provisions of this law shall not in anywise be so construed as to affect any right or liability acquired or accrued thereunder by or on the part of the city, or any person or body corporate.    This law shall not in any manner affect any right, lien or liability accrued, established or subsisting under and by virtue of previous charters or amendments thereto or ordinances passed thereunder; but such right, lien or liability shall be enforced, and such action or proceeding shall be carried on in all respects as if this law had not taken effect; nor shall this law be in anywise so construed as to affect the right or liability acquired or accrued under previous charters or

amendments thereto or ordinances passed thereunder on the part of the city or any person or body-corporate."

It is not a debatable question that, at the time the charter of the cities of the third class was passed, that a claim of the city for taxes, whether the taxpayer's property had been assessed, or when it was liable to assessment, though omitted, was a liability subsisting against such taxpayer, and for such liability a lien existed on his property. The mere fact that a mistake of the assessor or of the taxpayer, or by the design of either or both, property liable to taxation was omitted from the assessment, does not destroy the taxpayer's liability to pay taxes. The liability to pay subsists as much as in a case where the assessment is made. When the tax levy is made the liability accrues.

There is no escape from the conclusion that the General Assembly intended, by section 3258, to preserve that right and also preserved the remedy by declaring that the action or proceeding to enforce it "shall be carried on in all respects as if this law had not taken effect."

It follows that the statute of limitations is not available to defeat the claim of the city for the taxes in question.

It is insisted by counsel for appellee that in this proceeding to enjoin the collection of tax, the burden is on the city to show that the property on which it is sought to collect tax was omitted from the assessment.

To sustain this contention cases are cited wherein proceedings had been instituted to compel the assess-

ment of property omitted in previous assessments or when direct proceedings were instituted to enforce the collection of taxes.

In a proceeding in the county court to have property assessed which it is claimed was omitted from previous assessments by the authorities whose duty it was to assess it, the court very properly held that in such proceeding the burden was on those complaining to show that the taxpayer owned property subject to taxation which had been omitted in assessments.

Likewise this court has repeatedly held that, in actions to collect tax, the plaintiff must show that the law authorizing the levy and assessment has been strictly complied with.

This is a collateral proceeding. Proper authority made the levy and assessment. That levy and assessment is assailed. The presumption should be indulged that the assessment is correct until the plaintiff shows that it was improperly made, or that it was not the owner of the property, or that, if it was, the same was not liable for the taxes in question.

Upon the return of the case the plaintiff should be permitted to amend its pleadings if it so desires.

Wherefore the case is reversed for proceedings in conformity with this opinion.