CASE 22—EQUITY—JUNE 16.

# Thompson v. City of Lexington.

104  165
121  116

APPEAL FROM FAYETTE CIRCUIT COURT.

1. INJUNCTION—EQUITABLE CONDITION—SPECIAL TAXATION.—The city of Lexington had power under sec. 3 of the act of April 19, 1890, to reconstruct streets upon either of two plans (1) by apportioning two-thirds of the cost of such reconstruction upon the abutting property owners, or (2) by apportioning the entire cost upon such owners and making the amount payable in ten equal annual instalments. The latter plan could only be adopted at the request of the abutting property owners. The latter plan was adopted without appellant's consent. In an action to enjoin the entire assessment it is held that plaintiff is not entitled to an injunction without a tender of his *pro rata* estimated upon the basis of two-thirds of the cost.

BRECKINRIDGE & SHELBY AND MORTON & DARNELL FOR AP-
PELLANT.

Under the provisions of section 3 of the act of April 19, 1890, (Acts of 1889-90, vol. 2, 1899), it was necessary in order to the imposition of a lien upon the abutting property for the cost of street reconstruction that the general council should actually make a levy of the special tax to pay for the improvement. The general council of the city of Lexington, however, had no authority to levy a tax upon abutting property for the total cost of street reconstruction in the absence of a petition to that effect from the property owners, and an attempt so to do is wholly void and imposes no liability upon the property for any portion of the attempted levy. In this case as there was no petition of the property owners which authorized a levy for the total costs of the improvement, the attempted levy was void and the case is as if no levy whatever had been made. Act of April 19, 1890; sec. 3, Acts 1889-90, vol. 2, 899; Gates v. Barrett, 79 Ky., 296; Cooley on Taxation (2d ed.), chap. 11, p. 324; 25 Am. & Eng. Enc. of Law, 181 and 186; Henderson v. Lambert, 14 Bush, 24.

BRONSTON & ALLEN for appellee.
(No brief in the record.)

JUDGE HAZELRIGG delivered the opinion of the court.

This action was brought to enjoin the collection of a special tax attempted to be enforced against appellant's property by reason of its assessment for street improvement. The ground of complaint is that there has never been a levy of the tax. It appears from the petition, amended petition, and exhibits filed, on which the case was finally heard and dismissed on demurrer, that the law under which the reconstruction of the street in brick was authorized (Act April 19, 1890, sec. 3; Acts 1889-90, vol. 2, p. 899) required certain steps to be taken in order to make the abutting property holder liable for its costs, and which steps are sufficiently indicated in the ordinance adopted after the work was done and a levy for its payment was attempted to be made. So much of this ordinance as is necessary for the purposes at hand is as follows:

"Whereas, the general council of the city of Lexington, by two-thirds of the members elect in each board of the general council voting therefor, did by ordinance 196 provide for the reconstruction of South Broadway from the center line of its intersection with High street to the center line of its intersection with Maxwell street, and to the inside line of the side wall lines on all cross streets and alleys with brick, the general council having first accepted and approved of the plans, profiles, specifications and estimates of the cost of said improvement made by the city surveyor, and having advertised for ten days for sealed bids for said work, and having by joint resolution No. 83 accepted the bid of the Standard Construction Co. for said work, and the city assessor having, by order

of the general council, made a special assessment of the
property (exclusive of the improvements thereon) fronting
on said street, subject to taxation for the cost and ex-
pense of said improvement, and having given the usual
published notice to property holders on said street to
call and examine said assessment, and after the expira-
tion of the time named in said public notice, and the joint
ways and means committee of the general council, being
the appropriate committee, having been present to hear
and act on all complaints of said property holders in
regard to said special assessment, all of which
acts aforesaid being in full performance of the require-
ments of act of the General Assembly of Kentucky
approved April 19, 1890, amending the charter of the city
of Lexington, and after all of the aforesaid acts and
things had been duly done and performed as required
by the aforesaid act, the general council affirmed said
assessment, and levied a special tax of $5.28 on each one
hundred dollars' worth of said property, sufficient to
pay for two-thirds of the entire cost of reconstructing
said street as aforesaid with brick, leaving $2.64, the
remaining one-third of the entire cost thereof, to be paid
for by the city of Lexington, as provided in the act afore-
said; and whereas, the owners of property fronting on
said street liable for the cost and expenses of said im-
provement did petition the general council of the city of
Lexington to have said improvement of said street with
brick made on the ten-year plan, as provided in the amend-
ment to the city charter as aforesaid, and having obli-
gated themselves to pay their respective special assess-
ments for said improvement, and requested the general
council to lend them the credit of the city for a period of
not exceeding ten years, for an amount sufficient to pay

the entire cost of said improvement, and said request
having been granted: Therefore be it ordained by ·the·
general council of the city of Lexington, Ky., two-thirds
of the members elect in each board of the general council
voting therefor:

"Section 1. That the special assessment heretofore made
by the city assessor of the city property fronting on South
Broadway from the line of its intersection with High
street to the line of its intersection with Maxwell street
liable for the cost and expense of reconstructing said
street with brick, from the center of its intersection with
High street to the line of its intersection with Maxwell
street, said assessment aggregating $183,225, is thereby
approved and affirmed.

"Section 2. That the city surveyor having measured
the work done in reconstructing said street, and reported
to the general council the actual cost and expenses of said
improvement to be $14,500, said report is hereby approved
and confirmed.

Section 3. That the entire cost and expense of recon-
structing said street shall be paid for on the ten-year plan
by the property holders on said street, who have re-
quested and been granted the credit of the city in ten
equal annual payments, payable one-tenth each year, and
which is so levied on the assessed value of the property
made liable for said improvement. The first payment of
one-tenth shall be due and payable on the first day of
July, 1893, and the other payments of one-tenth shall be·
due and payable respectively on the same day each year
thereafter until said tax shall paid in full.

"Section 4. That upon the total value of the special as-
sessment aforesaid of the property liable for said im-
provement as provided in the aforesaid act of April 19,

Thompson v. City of Lexington.

1890, a special tax of seven dollars and ninety-two cents is hereby levied on each $100 worth of said property liable for said special tax, on the ten-year plan to be due and payable as aforesaid. The said special tax herein levied is a lien on the assessed property, and the collection of said special taxes shall be made and enforced as other taxes. As soon as the special tax lists are placed in the hands of the city collector he shall collect the same at the time that the respective payments aforesaid become due, and in default of payment of the amount of any annual payments thereof the city collector shall enforce the collection of such tax according to law."

It is admitted that the steps recited as taken were in fact taken, except it appears that there was in fact no request or petition from appellant or other owners, for the improvement to be paid for on the ten-year plan, which, as seen, required a levy for the payment of the entire cost of the work. There was confessedly a levy in express and appropriate language for the credit rate of $7.92 on the $100; but it is contended there was none at all for the payment of the cash rate of $5.28, and that, as the levy for the credit rate was wholly unauthorized because credit was not asked, there was therefore no valid levy at all. It seems to us, after a careful consideration of the interesting argument of counsel on this behalf, that at last the substance of the contention amounts only to the claim that the levy as made was an excessive levy, made at the rate of $7.92 on each $100 of the assessed value of this abutting property, when it ought to have been made only at the cash rate of $5.28. This is not, it is true, counsel's construction of his contention; but we think, if we regard the substance of the proceedings of the council, rather than the mere form thereof, we must

conclude the levy as merely excessive, and not void. If this be true, the controversy is ended, because it is uniformly held that, to enjoin the enforcement of a tax a part only of which is illegal, the taxpayer must first pay the amount of that which is legal. This in Albuquerque National Bank v. Perea, 147 U. S. 92 [13 Sup. Ct. 194], was held that it was the duty of the property holder, being furnished with the means of knowledge, to know what amount of tax was actually due from him; and if, in addition to the legal tax, collection of an illegal part was sought, he could only restrain the collection of that which was illegal by paying that which was legal. Here the exact amount the appellant owed on the cash basis was set out in the ordinance, and which, indeed, recited that it had been levied, and which was published, and of which it is fair to presume he had actual notice. Cooley, Tax'n (2d Ed.) p. 762; Hyland v. Central Iron and Steel Co., 13 L. R. A., 516 (Ind.) [28 N. E. 308]; Bond v. City of Kenosha, 17 Wis., 288. It is beyond contradiction that appellant owed at the one rate or the other. It was within his choice to say which rate he preferred, and if, under a misapprehension as to his preference, the city levies for the greater rate, there is no reason for saying he is therefore exonerated from all liability whatever. It is hardly saying too much to say that there was in this ordinance a double levy, or levy at both rates. At least, the two rates were set out accurately, and the greater one, which includes the lesser, in express terms levied. We think the relief sought was properly denied. The judgment is affirmed.