Alexander, Revenue Agent v. Aud, &c.

Case 14.—ACTION BY J. B. AUD AND OTHERS AGAINST GEORGE H. ALEXANDER, AS REVENUE AGENT, FOR AN INJUNCTION .TO PREVENT THE SALE OF LAND FOR TAXES.—September 28.

## Alexander, Revenue Agent v. Aud, &c.

Appeal from Daviess Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

1. Taxation — Lien — Enforcement    Against    Land — Injunction Against Revenue Agent—Joinder of Plaintiffs—An action by a taxpayer to enjoin a revenue agent of the State from enforcing the State's lien on his land for taxes duly assessed against him, is a separate action, and several taxpayers can not jointly prosecute such action.
2. Same—Lien on All Property—Where a tax is duly assessed on the property of a taxpayer, it thereby becomes a lien on all his property of every description, and while the statute contemplates a sale first of the personalty, it does not release the realty from the lien.
3. Act of Officer—Pleading Attacking—Sufficiency—A pleading which attacks the validity of an official act, is bad, unless it shows affirmatively that the act was not done or that some essential was omitted which goes to the validity of the act.
4. Same—Presumptions—Public officers who are required to discharge an official duty, and to make a certificate or return thereof, are presumed to have truly done all that is certified, and all they were required to do to make the certificate true.

M. J. HOLT for appellant.

### POINTS OF LAW AND AUTHORITIES.

1. This suit has 1,185 plaintiffs. It does not "involve a common or general interest of many persons" within the meaning of sec. 25 of the Code, and one or more may not sue for all. There is no community of interest. The proceeding is in rem against

each separate piece of property. It is not enough that all are interested in the same question of law. (Bardstown, &c., R. R. Co. v. Metcalfe, 4 Met., 204; Oswold v. Morris, 92 Ky., 48; Chiles v. Commonwealth, 4 J. J. M., 578; Cooley on Taxation, 3d Ed., pp. 1429-1430-1431.)

2. The State Auditor is a necessary party defendant to this suit. The revenue agent acts merely as auctioneer "under the direction of the auditor," and his sale is no cloud unless followed up by the Auditor's deed. (Sebree v. Commonwealth, 25 Ky. Law Rep., 121; Atterberry v. Knox, 8 Dana, 286; Ky. Stats., 4154-4152-4263; 25 Am. & Eng. Ency., p. 681, 1st Ed.; 26 Wis., 70, 63 N. Y., 339.)

3. Where the petitioner's right is doubtful, or where a statutory remedy is provided, or where the right is already lost, or the wrong done, or where the party being cognizant of his rights does not assert them by a seasonable application, no relief in equity can be afforded by injunction. (16 Am. & Eng. Ency., 354-356; Cooley on Taxation, 3d Ed., pp. 1422-1440-1441-1444.)

4. The fact that the assessed owner had personal estate, or that the sheriff did not properly advertise the sale, or that his record of the sale is insufficient, does not defeat the State's lien or release the real property from the tax, it being admitted the tax is legal. The neglect of the sheriff is no excuse for the taxpayers' refusal to share the burdens of the government. No one should be at liberty to plant himself upon the nonfeasance or misfeasance of officers under the revenue laws and make them the excuse for a failure on his part to perform his duty. (Cooley on Taxation, 2d Ed., p. 552, 3d Ed., p. —; Botto v. Louisville, 25 Ky. Law Rep., 1919; Sebree v. Commonwealth, 25 Ky. Law Rep., 122; Ky. Stats., 4162-4036-4020-4021-4056-4155-4044.)

5. The taxpayer as well as the sheriff owes certain duties to the State. It is his duty to list all his property for taxes (Ky. Stats., secs. 4049-4050-4052-4058-4064), and in doing so he shall give an accurate description of same, but no error in description or in the name of the owner shall invalidate the assessment. (Ky. Stats., sec. 4056.) He shall have no action for damages against either the assessor or sheriff unless he shall make diligent efforts to have his property assessed and offers to pay the taxes thereon. (Ky. Stats., 4155-4047; Cen. Pac. Ry. Co. v. Cal., 162 U. S., 91; 63 Cal., 504; 23 Kan., 448; Cooley on Taxation 3d Ed., pp. 618-619, notes.)

6. No man can be an innocent purchaser of real property without notice, so as to defeat the State's lien for taxes. The lien attaches itself to the res without regard to individual ownership, the law taking no notice of the change. (Ky. Stats., 4036-4021-

Alexander, Revenue Agent v. Aud, &c.

4162; Cooley on Taxation, pp. 866 to 870, 3d Ed., citing 6 Bush, 204.)

7. The State's deed is the sheriff's report of sale to the county clerk, the statute providing: "Said report when recorded shall operate as a conveyance and vest the title to the property of all persons 'sui juris' in the State when purchased by the State, and shall be constructive notice to the world of the claim," and if the sheriff fail to make such report "the title of the State shall not thereby be affected." (Sec. 4162.) "If the land be not redeemed within the two years allowed for the purpose the fee simple title shall vest absolutely in the State." (Sec. 4154.)

8. While the plaintiffs might have enjoined the sheriff's tax sale, they can not enjoin the revenue agent's sale of this land, the title to which has vested in the State.

a. Because the application is not seasonably made, as they have waited from four to eleven years. A court of equity will not grant relief where the party seeking it, being cognizant of his rights, does not take steps to assert them. (16 Am. & Eng. Ency., 356; 95 N. Y., 373; Gen. Stats., Ed. 1888, p. 1108; 96 Ky., 249; Ky. Stats., sec. 2515.)

b. The effect of the injunction is to try the question of title, which can not be done.

c. In effect, it cancels the State's lien for taxes, which can not be lost. (Ky. Stats., secs. 4036-4020-4021; Cooley on Taxation 3d Ed., pp. 866 to 870 and 977 to 981; Wheeler v. Brammel, 10 Ky. Law Rep., 302; Gooch v. Benge, 90 Ky., 396; Tidings v. Rogers, 14 Ky. Law Rep., 142; Tug R. Coal Co. v. Brewer, 91 Ky., 402: Fish v. Gennett, 22 Ky. Law Rep., 177; Brodie v. Parsons, 23 Ky. Law Rep., 831-177.)

d. In any event, before plaintiffs are entitled to be granted relief, they must first pay their taxes or tender the amount due to the proper officer. He who seeks equity must first do equity. (Ky. Stats., secs. 4036-4020-4021; Gen. Stats., Ed. 1888, p. 1109, secs. 20 and 21; Cooley on Taxation, pp. 1424-1458, 3d Ed.; State Railway Tax Cases, 92 U. S., 614-616-617; Rowe v. Peabody, 102 Ind., 198; Smith v. Mitchell, 9 Ky. Law Rep., 813; Louisville v. Board of Trade, 90 Ky., 409; 20 Ky. Law Rep., 547 to 460; 25 Am. & Eng. Ency., 1st Ed., p. 681, text and note 5.)

e. The State purchased this property because there was no other purchaser. It stands in the attitude of any other purchaser at sheriff's sale. If its deed is set aside because of informalities of advertisement, or sale it must get the purchase price with interest and penalties the same as any other purchaser. (Ky. Stats., secs. 4152-4036-4021-4162; Cooley on Taxation, 3d Ed., pp. 977 to 981; 25 Ky. Law Rep., 1918 and 1920.)

f. Plaintiffs are not irreparably injured. The amount involved is the tax and penalties. An injury is irreparable either from its own nature as when the party injured can not be adequately compensated, or when the injury can not be measured by a pecuniary standard, or when it is shown that the party who must respond in damages is insolvent. (16 Am. & Eng. Ency.; 360.)

g. Plaintiffs have adequate statutory remedies. (22 Ky. Law Rep., 831-870; Wheeler v. Brammel, 10 Ky. Law Rep., 302; 90 Ky., 396-399; 14 Ky. Law Rep., 142; 91 Ky., 402; 22 Ky. Law Rep., 177.)

h. May bring suit to set aside deed of purchaser. (15 Ky. Law Rep., 211; 3 Bibb, 328.)

i. May recover all damages from the sheriff on his official bonds. (Ky. Stats., secs. 4155-4149-4150.)

j. May pay tax and recover same within two years or may redeem at any time before sale. (Ky. Stats., sec. 162; 87 Ky., 635; 22 Ky. Law Rep., 831.)

9. The statute does not limit the time within which a lien for taxes shall be enforced against the owner. (Lou. & Jeff. Ferry Co. v. Commonwealth, 24 Ky. Law Rep., 1340.)

10. A default judgment can not be rendered upon a petition wherein the sole relief sought is an injunction if the temporary order granted by the circuit judge has been dissolved by a judge of the Court of Appeals, upon the same record.

11. A default judgment can not be rendered if a motion to elect, and a general and special demurrer filed by the defendant have not been acted upon by the court.

12. A motion to set aside a default judgment rendered on the last day of the term is not made too late if filed on a rule day preceding the next succeeding term, although the motion is not presented for hearing until the third day of the next succeeding term. (Acts 1902, chap. 102, secs. 5-7-8.)

13. This case can not be reversed and cause remanded for further proceedings as it was submitted on motion of appellees, without any proof in support of the allegations of the petition, without the Auditor being a party defendant, without the petition and amendment stating a cause of action and without a showing being made as to the right of plaintiffs to prosecute the action. This court should reverse the case and dismiss the petition.

OPINION BY JUDGE O'REAR—Reversing.

From time to time the sheriffs of Daviess county have reported sales of certain parcels of real estate in that county to the State for taxes assessed

against the owners.    The Auditor directed appel-
lant, as revenue agent for the State, to sell these
lands and to cover into the treasury the proceeds of
sales.    This suit was brought by nineteen plaintiffs,
each of whom owned separate tracts, listed sepa-
rately for some of the years in question, suing on
their own behalf and on behalf of some 1,170 other
plaintiffs similarly situated, who were not named
in the caption, but whose interest, it is alleged, is
identical with that of the other plaintiffs.    An in-
junction was sought against appellant and the Au-
ditor of  Public Accounts,  restraining them from
selling the lands, or any of them, on the alleged
grounds that the  sheriff's reports of sales were in-
sufficient in their descriptions to identify the parcels
sold by him, and on the further ground that some
of the taxes had in fact been paid, and that others
were barred by limitation.    But the main ground
advanced is that, at the time the sheriff sold the
land for taxes, each one of the owners then had
personal estate in that county enough to have sat-
isfied the distraint.    It is asserted by plaintiffs that
in consequence the sheriff's sales were void.

By the Constitution (sec. 171) and statutes of this
State (sec. 4019, Ky. Stats. 1903), all property in
this State not specifically exempt is liable to a uni-
form tax for purposes of State government.    A lien
is created by the statute (sec. 4021, Ky. Stats. 1903),
to the State, as well as to the county and municipal-
ity where located, for the tax.    This lien continues
for five years.    (Sec. 4021, Ky. Stats. 1903.)  Real
property is assessed  for State  taxes,  called the
"revenue tax," by the county assessor of the county
where the land is located. (Sec. 4049, Ky. Stats.
1903.) The sheriff, by virtue of his office, is tax col-
lector (sec. 4129, Ky. Stats. 1903), and it is his duty

to collect the tax at the time it is due, and to promptly pay it into the State Treasury (sec. 4143, Ky. Stats. 1903). If the tax is not paid by the 1st of July of the year for which it is due, it is the duty of the sheriff to distrain the property of the taxpayer, and from its sale to collect and pay the taxes to the State. (Sec. 4149, Ky. Stats. 1903.) If there is no other bidder at the sheriff's sale, he is authorized and directed by this statute to buy in the property so sold for the State at the amount of the accumulated tax and costs. (Sec. 4152, Ky. Stats. 1903.) The taxpayer is then given two years within which to redeem the land from this sale by the payment of the delinquent tax, interest, and certain penalties and costs. (Sec. 4152, Ky. Stats. 1903.) A failure to so redeem vests the purchaser, whether the State or another, with the fee-simple title to the land. (Sec. 4154, Ky. Stats. 1903.) Then it is that the Auditor of Public Accounts is authorized to direct the sale of the lands so bought in for the State, or enough thereof to pay to the State the tax, interest, penalties and costs of the proceeding. (Sec. 4154, Ky. Stats. 1903.) It was under these several statutes that appellant was proceeding when arrested by the restraining order, and finally by the judgment in this case.

To clearly present the case, it is necessary to state what is admitted, either expressly or tacitly, by the petition. It is stated that all the plaintiffs, as well as those for whom they sue, are citizens of Daviess county, Ky.; that the lands mentioned in the suit, and named in appellant's advertisement of sale, are all situated in that county; that the lands had been assessed for taxes in recent years, amounts of which were stated, against the then owners of the lands, and that the taxes had not been paid; that the

sheriffs then in office had advertised the lands for sale within the time prescribed by the statute, because the taxpayers had not paid their current taxes, and had offered them for sale at public outcry as advertised, and that, no one else offering to bid the amount of the tax due on each tract named, it was stricken off to the State, and so reported by the sheriff in the list he was required to return and did return to the county court clerk's office of his county (sec. 4152, Ky. Stats. 1903); that more than two years had elapsed since such sales and report, and that the lands had not been redeemed from such sales; that appellant was the duly appointed and acting revenue agent for the State of Kentucky, and as such had advertised these lands for public sale at the direction of the Auditor of Public Accounts, and was proposing to sell enough of each lot or tract to reimburse the State its delinquent taxes assessed against each lot or tract, including penalties and costs of sales. All the foregoing, while not specifically admitted in detail, is so far admitted by express statement, or by a failure to negative the fact, that it is to be deemed as admitted by the petition.

Public officers, who are required to discharge an official duty and to make a certificate or return thereof, are presumed to have truly done all that is certified and all that they were required to do to make the certificate true. (Secs. 3760, 4030, Ky. Stats. 1903; Smith v. Ryan, 88 Ky., 636, 11 Ky. Law Rep., 128, 11 S. W., 647; Graves v. Hayden, 2 Litt., 65; Hickman v. Skinner, 3 T. B. Mon., 211; Terry v. Bleight, 3 T. B. Mon., 272, 16 Am. Dec., 101; Blight v. Banks, 6 T. B. Mon., 207, 17 Am. Dec., 136; Currie v. Fowler, 5 J. J. Marsh., 152; Oldhams v. Jones, 5 B. Mon., 458; Bodley v. Hord, 2 A. K. Marsh., 244; Board of Councilmen v. Mason &

Foard, 100 Ky., 48, 18 Ky. Law Rep., 543, 37 S. W., 290.) This is as true of tax collectors as it is of other officers. When it is stated, therefore, that the tax collector has certified to certain facts, they are deemed to have been done, as well as all other acts necessarily required to have been done to support them, till the contrary is shown. A pleading which attacks the validity of an official act is bad, unless it shows affirmatively that the act was not done, or that some essential was omitted which goes to the vitality of the act. (Belknap v. Clark, 10 Ky. Law Rep., 872.)

This brings us to consider the allegations of the petition which attack the verity of the sheriff's return, and which undo, as it is claimed, his action. It is charged in the language of the petition that: "In each attempted sale as set out in said bill (sale bill) said sheriff's act was void; that every step taken by him therein was void; that the owner of each of said tracts of land at the time of said attempted sale, and during all the time for six months before, had in Daviess county, Ky., tangible personal property more than ample out of which said sheriff could have made the State's and county's claim for taxes and costs of collections due to them from said delinquents, and all of which was known to the sheriff at the time he took each step in making said sale; and for these reasons each step he took in selling each tract of said lands was absolutely void, and the State of Kentucky acquired no title by said attempted sales, nor by any of them."

Stripped of its conclusions of law, which are to be treated as so much surplusage (sec. 119, Civil Code Prac.), this averment amounts to this: That at the time the sheriff sold the land of the delinquent taxpayer the latter had, in the opinion of the

pleader, enough tangible personal property in that county, which fact was known to the sheriff, to pay the taxes due.    Good pleading required that the character and value of the personal property be stated, if it was to be considered at all.

But, waiving this defect, fatal though it is, the court is of opinion that the fact, though true, would not vitiate the sale of the land; and particularly is it true that the fact, if a fact, would not affect at all the State's liens for taxes  duly assessed against the property.    The tax was assessed against the taxpayer and his property.    It was a lien upon all of his property, of whatever description.  The lien was to be enforced by summary sale, if not sooner discharged.    While the statute contemplates a sale first of the personalty, it does not release, nor was it intended to release, the realty from lien.    The lien is to the State, not to the sheriff.  The object of the statutes is to raise promptly a sufficient revenue to maintain the State government.    It is a duty imposed upon the owner of the property legally assessed to pay it.    All the machinery provided by the law for raising the necessary revenue to defray the expenses of our common government looks to a just ascertainment of an equal rate of assessment and to its speedy collection.    If there is a slight misstep on the part of some collecting or assessing officer, an inadvertence, or intentional fault, shall the whole people, who are represented by the State government, suffer by it?  Or shall the taxpayer be made to pay what he justly and actually owes, notwithstanding, the recusant official being punished appropriately for his misdoing?  Nothing is more essential than that the revenue to defray expenses of government be promptly collected.

All should pay alike, or inequality, which is itself injustice, would result. What merit is there in allowing the taxpayer to escape from his just share of the public burdens, because the collecting officer sold one piece of property that was liable to the tax before he sold another piece belonging to the same taxpayer that was also liable? It is as much the legal and moral duty of the taxpayer to pay his taxes as it is that of the collector to collect them. Then, if the taxpayer will not pay, does it lie in his mouth to say, "I will never pay, and the lien created by statute upon my land in favor of the State is released, because the sheriff in ignorance, or mistakenly from other cause, has not first distrained my personal estate, which is left to me?" Even if it were a matter wholly between the sheriff and the taxpayer, there would be but slight ground for listening to such an argument. But the sheriff is the people's representative; and it is familiar law that the people are not estopped from collecting State revenues by an act of a public officer. (County of Henderson v. Henderson Bridge Co., 116 Ky., 164, 25 Ky. Law Rep., 421, 75 S. W., 239; Bank Tax Cases, 102 Ky., 174, 39 S. W., 1030.)

It must be admitted that the authorities are not harmonious on the subject whether a distraint of realty before the personalty is exhausted is void. Those cases which hold that it is not are Smith v. Mitchell, 9 Ky. Law Rep., 813, and Husbands v. Paducah, 5 Ky. Law Rep., 193. Those in which the contrary view has been expressed are Wheeler v. Brammel, 8 S. W., 199, 10 Ky. Law Rep., 302; Julian v. Stephens, 11 S. W., 6, 10 Ky Law Rep., 862; Turner v. Pewee Valley, 100 Ky., 288, 18 Ky. Law Rep., 755, 38 S. W., 143; and Allen v. Perrine, 103 Ky., 516, 20 Ky. Law Rep., 202, 45 S. W., 500.

In Turner v. Pewee Valley, the town marshal was about to sell the taxpayer's realty. The latter enjoined, on the ground, among others, that he then owned personalty located in the town of greater value than the tax. Obviously the court did not hesitate to compel the tax collector to follow the statute, where both ways were still open to him. In Allen v. Perrine, supra, the sheriff had himself become the owner of the tax by having paid it off to the State. The suit was a contest of equities between the sheriff and an innocent purchaser of the taxpayer's land; the former having knowingly suffered the personalty to be removed from the State to accommodate the taxpayer, it was suggested. The court held that the sheriff would suffer from his own neglect, or generosity, which ever it was, and not visit the consequence upon another who was innocent and helpless. The wisdom of the law in these matters is happily shown in the quotation from Cooley on Taxation, cited approvingly in Botto v. Louisville, 117 Ky., 798, 79 S. W., 241, 25 Ky. Law Rep., 1918, which is as follows: "All legislation must be supposed to take into account the possible, if not probable, mistakes and irregularities of officers in executing the provisions of the law, and it is hardly reasonable to infer an intent on the part of a legislative body that a failure of administrative officers to comply with any provision made for the benefit of the State exclusively, or merely as a guide in orderly proceedings, should deprive the State of all benefit to be derived from a compliance with other provisions that embody the main purpose and object of the law." Besides, the Legislature seems to have had the same idea about it, for other redress is given the taxpayer, where the tax collector does

not literally follow the statute, and damage results to the taxpayer therefrom.

By sec. 4149, Ky. Stats. 1903, it is provided: "If the sheriff shall distrain before demand, he shall pay double the amount of the tax," etc. And by sec. 4150, Ky. Stats. 1903: "If the sheriff make illegal or unreasonable seizure and levy for taxes he shall be liable in damages to the party aggrieved," which seems to us to be the sense of the matter.

So far we have discussed this feature of the case as if it stood alone. Nowhere do the plaintiffs offer to pay the taxes actually due. There is no tender.

In Wheeler v. Brammel, 8 S. W., 199, 10 Ky. Law Rep., 301, where a sale was set aside because the sheriff had sold realty before distraining the taxpayer's personalty, the court held that the purchaser acquired a lien on the lot for the amount of the taxes actually due and which he had paid to the State. In Louisville Water Co. v. Clark, 15 Ky. Law Rep., 94, it was held that, before a taxpayer would be granted an injunction to restrain an illegal sale of its property for taxes due upon it, it must in equity first do equity and tender the taxes due. In Thompson v. City of Lexington, 104 Ky., 165, 20 Ky. Law Rep., 457, 46 S. W., 481, it was held that a sale under a tax lien partly valid and partly invalid would not be enjoined, unless plaintiff tendered to pay the part that was good. (To the same effect are Louisville v. Board of Trade, 90 Ky., 418, 12 Ky. Law Rep., 397, 14 S. W., 408, 9 L. R. A., 629, and Cooley on Taxation, p. 1424.) The statute law of this State is (sec. 4036, Ky. Stats. 1903): "Whenever any person shall purchase property sold for delinquent taxes, and the sale shall be set aside because of any irregularity, the purchaser shall have a lien on the property for the amount of taxes and

costs paid by him, and for which the property is liable with legal interest from the time of such payment, which may be recovered from the owner of the property or the person owning the same.''

The failure of the plaintiff to tender, and of the court to require, the payment of the taxes actually due in any event was fatal error.

There is another objection to the petition as grave as any that has been discussed. The suit attempts to litigate in this action for all the taxpayers of Daviess county questions which might arise in all the suits, but which of necessity affected only each individual suitor. Whether the sheriff had or had not advertised A.'s property for the requisite time, or had failed to distrain his personalty first, or failed to return a proper report or list to the county court clerk, were essentially independent matters, in no wise connected with other transactions of a similar or even of precisely the same nature regarding B.'s, C.'s or D.'s properties. The cause of action was not common to all the plaintiffs. They were not entitled to be joined under sec. 25 of the Civil Code of Prac. The proposition is widely different from suit by one of a number of taxpayers to test the validity of a tax, its constitutionality, and the like, where the matter to be litigated is common to all.

There are other objections of a general nature, but which plead conclusions of law, not presenting any question for review here, and which, though specifically and well pleaded, would be governed by the same rules as those discussed above. We are of opinion that the petition failed to state a cause of action in behalf of any of the plaintiffs against appellant or the Auditor. It may be, as is suggested, that the tax sales were irregular in

some particulars. The description in the levy made by the sheriff, or in the lists of sales returned by him, may have been insufficient in some instances, or the tax may have been paid or may have been barred by limitation before the sheriff attempted to enforce the State's lien. But each of these matters will have to come up in its individual case. Enough has been suggested, it is believed, to enable the parties and the court to adjust the cases as they may arise.

The judgment is reversed, and cause remanded, with directions to sustain both the special and general demurrers to the petition, and for proceedings not inconsistent herewith.