JOHN M. WATTLES v. THE CITY OF LAPEER.

*Tax roll as evidence—Comp. L., § 1016—Valuation of property— Estoppel by acquiescence.*

A tax roll is only *prima facie* and not conclusive evidence of the validity of the assessments. Comp. L., § 1016.

The levy of a municipal tax exceeding the aggregate amount limited by the charter for a single year, is illegal and cannot be sustained.

Assessments upon any thing but the true cash value of property are illegal and in violation of the assessor's official oath.

Acquiescence in an assessment and payment of the tax estops the tax-payer from afterwards complaining of it, but payment of an illegal tax, if refused, cannot be enforced.

Error to Lapeer. Submitted April 17. Decided April 22.

Assumpsit. Defendant brings error.

*G. C. Wattles* and *S. B. Gaskill* for plaintiff in error. The assessor's certificate attached to the tax-roll must recite that the assessment has been made upon the statutory basis, Cooley on Taxation, 212–219, 289; *Clark v. Crane*, 5 Mich., 151; *Warren v. Grand Haven*, 30 Mich., 30; *Hogelskamp v. Weeks*, 37 Mich., 426; the law, and not the assessor's caprice, must fix the basis of assessment, *Hersey v. Supervisors*, 37 Wis., 75; *Goff v. Supervisors*, 43 Wis., 55; *Graves v. Bruen*, 11 Ill., 431; *Tibbetts v. Job*, id., 453; *Schuyler v. Hull*, id., 462; *Knowlton v. Supervisors*, 9 Wis., 410; Cooley's Const. Lim., 502; a tax is void unless all conditions precedent to the levy are strictly followed, *Scofield v. Lansing*, 17 Mich., 437; *Hoyt v. East Saginaw*, 19 Mich., 47; *Steckert v. East Saginaw*, 22 Mich., 104; *Moser v. White*, 29 Mich., 59; a city tax is invalid if it exceeds the amount limited by the charter, Cooley on Taxation, 295–7; *Case v. Dean*, 16 Mich., 30; *Edwards v. Taliafero*, 34 Mich., 15; *Huse v. Merriam*, 2 Greenl., 375; Cooley's Const. Lim., 520.

*M. N. Stickney* for defendant in error.

Cooley, J. The city of Lapeer brought suit against Wattles to recover the amount of the taxes appearing on the city tax-roll for 1877 assessed against him. Wattles defended on grounds going to the validity of the whole roll. The circuit judge held that he was precluded by the statute from contesting the validity of the tax, and gave judgment against him.

40 MICH.—79.

The statute which is supposed to have this effect is section 1016 of the Compiled Laws, which is as follows:

(1016.) SEC. 50. The production of any tax-roll on the trial of any action brought for the recovery of a tax therein assessed may, upon proof that it is either the original tax roll and warrant or a duly certified copy thereof, of the township named as the plaintiff in such action, be read and used in evidence; and, if it shall appear from said assessment roll that there is a tax therein assessed against the defendant in such suit, it shall be *prima facie* evidence of the legality and regularity of the assessment of the same; and the court before whom the cause may be pending shall proceed to render judgment against the defendant, unless he shall make it appear that he has paid such tax; and no stay of execution shall be allowed on any such judgment.

We are inclined to think the circuit judge was in error in the construction put by him upon this section. In terms it only makes the tax-roll *prima facie* evidence against the party assessed; and this implies that he is at liberty to dispute his liability. It is reasonable to suppose the conclusive effect of the roll would have been declared if such had been the meaning. It is true the section goes on to say the court shall proceed to give judgment unless the defendant shall make it appear he has paid the tax; but this means only, as we think, that the court shall do so, the *prima facie* case remaining unimpaired. The use of the term *prima facie* would be nonsense on any other construction.

In any consideration of remedies for the recovery of taxes, it is not likely the Legislature would overlook the possibility that illegal levies would sometimes be made, in which there could be no shadow of equity. A man, for instance, may be assessed on his credits in Lapeer though he resides in Flint; and whether this be done through mistake or through fraud, it is manifest that the collection from him of the assessment would be legal robbery. The Legislature would never purposely so frame a law as to preclude defense against so lawless an exaction; the injustice would be apparent at first blush. But to give the roll the effect of *prima facie* evidence against

him would subject him to an inconvenience only; an inconvenience of a sort inseparable from the administration of justice. We have no idea the Legislature intended to do more.

The validity of the tax is assailed on several grounds, most of which concern mere irregularities, and we shall not trouble ourselves with them. There is one objection, however, that is insurmountable, and that points to a fatal defect in jurisdiction. It is that the tax levied was largely in excess of the limit expressly fixed by law.

The city charter (Local Acts 1875, p. 352, § 5) declares that the aggregate amount of tax which the city may raise in any one year by general tax, exclusive of taxes for schools and school-house purposes, and of certain exceptional taxes not now in question, shall not exceed one and one-fourth per cent. on the assessed value of all the real and personal property in the city made taxable by law. The assessed value of such property for 1877 was $348,540. It appeared in the course of the evidence that aside from a very heavy tax for school purposes the city levied, by general tax, more than ten thousand dollars; a tax 133 per cent. above that permitted by law. Obviously this is illegal and void. If the council can be protected and assisted by the courts in such a levy, they may be protected and assisted in confiscating the property of their citizens altogether. An unauthorized levy of two per cent. on the valuation is no less illegal than one of a hundred per cent.

Incidentally, however, it appears in the case that the assessed valuation for the year was arbitrarily fixed by the assessors at one-fourth the cash value. This was in open defiance of the statute and of the oath which the assessors had taken to perform faithfully their duties. The statute commands an assessment at the true cash value. Comp. L., § 984. Had the statute been obeyed, the tax would not have been excessive. But the assessors saw fit to disregard it, and the natural consequence followed: having begun the tax proceedings with an

illegality, it became necessary to violate the statute throughout. This is not a creditable showing for the authorities, nor can a shadow of excuse be given for it, unless the habitual disregard of the statute in other localities can be said to excuse. This is of course no excuse whatever. Because other officers openly and notoriously disregard the statute and their official oath, is no reason why the assessors of Lapeer should do the same. Neither can it be any reason why the courts should sustain an exaction which has the forms of a tax, but which the statute forbids. The constitution requires the Legislature to restrict the power of municipalities to tax (Const., Art. 15, § 13), and the Legislature only performed an imperative duty when they imposed the limitation on Lapeer. The city officers who disregard it subordinate the law and the constitution itself to their arbitrary discretion. If the people taxed acquiesce and pay their taxes, they may not afterwards be heard to complain, but if they refuse, the courts have no power to compel them. *Hart v. Henderson*, 17 Mich., 218.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.