Small, Receiver, *v.* The City of Lawrenceburgh *et al.*

Filed April 30, 1891.

---

No. 15,645.

## SMALL, RECEIVER, *v.* THE CITY OF LAWRENCEBURGH ET AL.

BANKS AND BANKING.—*Bank Stock.*—*Taxation of.*—*Assessment in Name of Bank.*—*Effect of.*—*Excessive Assessment.*—*Remedy.*—Where bank stock is assessed and a valuation put upon it by the proper officer, and an entry made of the assessment upon the tax duplicate, the fact that the assessment was made in the name of the bank, instead of the individual stockholders, will not invalidate the lien, or relieve the respective stock-

holders from the payment of the tax for which it is liable. If the parties were aggrieved on account of being assessed with a greater amount than should have been charged against them, they had a remedy by appearing before the city board of equalization.

From the Dearborn Circuit Court.

*H. D. McMullen, W. R. Johnston* and *H. R. McMullen,* for appellant.

*W. N. Hauck,* for appellee.

OLDS, C. J.—The appellant brought this suit against the appellees to enjoin the collection of certain taxes. The court sustained the separate demurrers of the appellees to the complaint, to which rulings the appellant excepted, and refused to plead further, and the court rendered judgment, on demurrer, for the appellees. The rulings, in sustaining the separate demurrers of the appellees to the complaint, are assigned as error. It is shown by the averments in the complaint that on and prior to April 1, 1883, there existed in the city of Lawrenceburgh a national bank, known and designated as the City National Bank of Lawrenceburgh, Indiana, said bank having been regularly organized, and was being operated under the laws of the United States. The capital stock of the bank was one hundred thousand dollars, divided into 1,000 shares of $100 each. On April 1st, 1883, Dewitt C. Fitch owned 787 shares of the capital stock of said bank, and Henry C. Fitch owned 60 shares of said capital stock; that on said date said bank was largely indebted, and the capital stock was, in fact, of no value; that between the 1st day of April and the 1st day of June, 1883, the assessor for the city of Lawrenceburgh assessed to and against the said bank the entire amount of said capital stock at its full face value, without designating any portion of the same as being owned by any particular owner, and the same was placed on the city tax duplicate for said year as an assessment against said bank, the tax assessed upon the same against the bank being $1,143.45, which so remained upon

said duplicate up to July, 1884; that on the 2d day of August, 1883, Dewitt C. and Henry Fitch assigned, conveyed, transferred and delivered all their property, real and personal, except said bank stock, to said bank, and on the same day they each assigned the said bank stock so owned by them respectively to Leah Fitch, wife of Dewitt C. Fitch; that afterwards the creditors of the bank, and of said Henry and Dewitt C. Fitch commenced suit to set aside said transfers as fraudulent and void, and on the final adjudication in said cause, in February, 1884, said transfers were set aside, and said appellant was appointed receiver; that in July, 1884, the city clerk of said city of Lawrenceburgh changed said tax duplicate of 1883, as to the said stock assessed to said bank, by writing therein under such assessment the words "Transferred to stockholders, July 1884," and by adding $6,000 to the taxable property of said Henry Fitch, and $78,700 to the taxable property of said Dewitt C. Fitch on the duplicate without designating the kind of property on account of which said sums were added to the assessments of said Fitch and Fitch, and without any notice to the appellant, and without the knowledge or consent of said Fitch and Fitch; that Fitch and Fitch were each respectively indebted, on the first day of April, 1883, in a sum in excess of the amount of the stock so owned by them; that the bank owned real estate, on said first day of April, 1883, of the value of $5,000, and which was assessed against the bank at $3,850; that by the decree of the court the appellant was authorized to sell the real estate of Fitch and Fitch, which was situate in said city of Lawrenceburgh, free from all liens of taxes, and he has sold the same in accordance with said order, and has in his hands money sufficient to pay all legal taxes; that said taxes so assessed on account of said bank stock, together with the interest and penalties is still upon the tax duplicate of said city, which duplicate has been placed in the hands of, and is now in the hands of, the treasurer of said city, and the appellees claim and assert that the same is a legal and valid tax and

lien against said real estate so owned by said Fitch and Fitch, so sold by the appellant, and is a cloud upon the title to the same; that appellant has paid, and offered to pay, and tendered to the said city treasurer all taxes against all other property of Fitch and Fitch; that said city treasurer threatens to, and will, unless restrained, advertise and sell said real estate.

The property, the bank stock, owned by Fitch and Fitch, was assessed by the proper officer, and the value, being the par value, was fixed by the officer, but it was erroneously entered upon the books in the wrong name, being assessed to the bank instead of the owners of the stock; afterwards the amount was separated, and the proper amount owned by each stockholder charged to each of them respectively. The property was owned by the parties, Fitch and Fitch, on the first day of April, 1883, and was subject to taxation, and being assessed by the proper officer, the lien for taxes attached. *Evansville, etc., R. R. Co.* v. *Hays,* 118 Ind. 214.

The averments that the property was of no value, and that the owners were entitled to deductions on account of indebtedness, are of no avail in this proceeding. The assessor was charged with the duty of fixing the value on the property. Sections 3071 and 3072, R. S. 1881. And if the parties were aggrieved on account of being assessed with a greater amount than should have been charged against them, they had a remedy by appearing before the city board of equalization. Section 3157, R. S. 1881; *Board, etc.,* v. *Senn,* 117 Ind. 410; *Wattles* v. *City, etc.,* 40 Mich. 624; *People, ex rel.,* v. *McCarthy,* 102 N. Y. 630; *Illinois, etc., Coal Co.* v. *Stookey,* 122 Ill. 358; *Camp* v. *Simpson,* 118 Ill. 224.

The property having been owned by Fitch and Fitch on the 1st day of April, 1883, and being assessed by the assessor, they became liable for the taxes chargeable against the stock the same as any other property owned by them, and they can not enjoin its collection on account of the entry being made upon the books against the bank instead of

against them individually. Provision is made by statute for the assessment of bank stock, the same as any other property, and authorizes the president, cashier, or proper officer, to pay the taxes assessed against the same, and to deduct the amount so paid from any dividends due on such stock. Sections 3254 to 3260, R. S. 1881, inclusive ; also section 6345. The proper steps were taken in this case to fix the lien for taxes upon the stock. It was assessed, and a valuation put upon it by the proper officer, and an entry made of the assessment upon the tax duplicate, and the fact that the assessment was made in the name of the bank, instead of the individual stockholders, will not invalidate the lien, or relieve the respective stockholders from the payment of the tax for which it is liable.

There was no error in sustaining the demurrer to the complaint.

Judgment affirmed, with costs.

MILLER, J., took no part in the decision of this case.

