Hyland, Auditor, *et al. v.* The Central Iron and Steel Company.

No. 15,430.

## Hyland, Auditor, et al. v. The Central Iron and Steel Company.

TAXES.—*Collection of.*—*Injunction.*—*Tender.*—Where property is subject to taxation, the collection of the tax can not be enjoined without paying or tendering the amount for which the property is liable, although part of the amount levied may be illegal.

SAME.—*Corporation.*—*Assessment upon Capital Stock.*—Where the tangible property of a corporation is of less value than the capital stock, the capital stock is taxable to the extent that it exceeds in value the tangible property. *Hyland* v. *Brazil, etc., Co.,* 128 Ind. 335, distinguished.

From the Clay Circuit Court.

*W. B. Schwartz, J. A. McNutt* and *H. Teter,* for appellants.

*G. A. Knight* and *A. W. Knight,* for appellee.

ELLIOTT, J.—The facts in this case are similar to those presented by the record in *Hyland* v. *Brazil, etc., Co.,* 128 Ind. 335, but there is one material fact presented by the record now before us which was not presented by the record in the case cited. Many of the questions presented here were decided in the case to which we have referred, and it is unnecessary to again discuss those questions in detail, but it is perhaps proper to speak very briefly of one of them. It was not decided in the case of *Hyland* v. *Brazil, etc., Co., supra,* that a taxpayer might enjoin the collection of taxes where his property was subject to taxation, although part of the taxes are illegal, without tendering the part for which his property is liable; on the contrary, it was expressly declared that where the property is subject to taxation, the collection of the tax can not be enjoined without paying or tendering the amount for which the property is liable, although part of the amount levied may be illegal   The cases of *Logansport* v. *Case,* 124 Ind. 254, and *Morrison* v. *Jacoby,* 114 Ind. 84, were there fully approved, and so they are here.   What

was decided in *Hyland* v. *Brazil, etc., Co., supra,* is, that where the property is not subject to taxation at all, and there is no jurisdiction to levy any part of the tax assessed on that particular property, no tender is necessary. There was no departure from the long and firmly settled doctrine that where the property is subject to taxation, but is irregularly assessed, or assessed beyond its value, a tender of the amount for which the property is liable, is always indispensable.

The fact which we have said appears in this record, but was not contained in the record in *Hyland* v. *Brazil, etc., Co., supra,* is this: The schedule made out and verified by the appellee contains these statements:

Actual value of stock. . . . . . . . . . . . . . .$150,000
Total value of indebtedness, except the indebtedness for the current expenses, excluding from such expense the amount paid for the purchase and improvement of property . . . . . . . . 284,761
Assessed value of lands , . . . . . . . . . . . . 7,485
Assessed value of personal property . . . . . . 27,830

Total assessed valuation of all tangible property of said company . . . . . . $35,315

It thus appears, from the appellee's return of property for taxation, that the tangible property is of less value than the capital stock, inasmuch as the actual value of the capital stock is one hundred and fifty thousand dollars, while the tangible property is of the value of thirty-five thousand three hundred and fifteen dollars. This fact clearly and decisively discriminates the present case from *Hyland* v. *Brazil, etc., Co., supra,* insomuch as in that case, according to the confessed allegations of the complaint, the entire capital stock was invested in and represented by the tangible property returned for taxation. We there said that "The question whether an assessment may be levied upon capital stock to the extent to which it exceeds in value the tangible property is not presented by the complaint, nor is the ques-

tion whether corporate franchises may be taxed where they have a value over and above the tangible property and the capital stock, presented for our decision." The question which we declared not then before us is now presented.

It seems quite clear that no taxpayer can be twice taxed upon the same property, and so the authorities declare. *State* v. *Hannibal etc., Co.,* 37 Mo. 265; *Burke* v. *Ballam,* 57 Cal. 594; *State* v. *Cumberland,* 40 Md. 22; Cooley Taxation, 225. Where the property once pays its full share of taxes to the State or county, it can not be subjected to a greater burden for the same purposes, although it may be subjected to special taxes in the form of assessment for local improvements or to municipal corporation taxes in common with other property. Where there is an attempt to doubly tax property, there is a violation of law. Our statute provides that "In all cases where the tangible property or the capital stock of any incorporated company is listed and assessed under this act, the shares of capital stock of such incorporated company shall not be listed and assessed." Sections 6305–6308, R. S. 1881. This provision was intended to prohibit double taxation, and it enforces the principle stated by us.

We can not, however, hold that the provision quoted is to be considered apart from other provisions of the statute, and construed as prohibiting the taxation of capital stock in all cases; on the contrary, we hold, as was held in *Hyland* v. *Brazil, etc., Co., supra,* that it is to be considered in connection with other provisions of the statute, and that when so considered it does not exclude the taxation of capital stock where it is not invested in, and fully represented by, tangible property subject to taxation. If the capital stock exceeds in value the tangible property subject to taxation, and assessed for taxation, then to the extent of its value in excess of the value of the tangible property it may be listed and assessed, for it is apparent that in such a case there is not double taxation. It can not be assumed that the tangible property

necessarily represents the value of the capital stock, for the business of a corporation owning comparatively little tangible property may be so profitable as to impress upon its stock a value much beyond its tangible property ; or it may be the owner of a franchise which gives the stock a value much greater than that of the tangible property of which it is the owner. A corporation which, in its sworn return, values its capital stock at almost five times as much as its tangible property, can not successfully assert that the taxation of its tangible property entirely absolves its capital stock from liability. It is, at all events, entirely clear that where it affirmatively appears, as it does from the evidence in this case, that the tangible property is not equal to the value of the stock, the stock is taxable to the extent that it exceeds in value the tangible property.

The only evidence as to the value of the capital stock, as well as the only evidence of the value of the tangible property, was that contained in the tax-list, or schedule, and that certainly does not prove, or tend to prove, that there was double taxation, since the actual value of the capital stock is shown to exceed that of the tangible property more than one hundred thousand dollars.

The record affirmatively shows that there was authority in the board of equalization to act upon the list returned by the appellee, for there was such a list placed before it, and the statute vests it with jurisdiction over the subject. Sections 6305, 6308, 6357–6359, R. S. 1881; *Hyland* v. *Brazil, etc., Co., supra.* The list showed that the capital stock was subject to taxation to the extent that it exceeded in value the tangible property, so that there was not, as in *Hyland* v. *Brazil, etc., Co., supra,* an attempt to subject property to taxation which was not taxable. Here there was jurisdiction, for here there was a list placed before the board of equalization, as the law requires. That list disclosed property subject to taxation, and on that property— the capital stock—the statute expressly makes it the duty of

the board to place a value. It may well be doubted whether the courts can interfere at all in such a case as this, for the rule supported by the weight of authority is, that where there is jurisdiction and no principle of law is violated, the valuation of the board of equalization is conclusive. Cooley Taxation, 747–748; *Small* v. *City of Lawrenceburgh*, 128 Ind. 231; *Board, etc.*, v. *Senn*, 117 Ind. 410. There is here no evidence that the valuation of the board was erroneous, and, certainly, no reason for setting it aside, even if the courts had power to do so. If the board had placed a much greater value upon the capital stock than that fixed by the appellee in the schedule, its action could not, under the rule referred to, be disturbed unless it was made to appear that some principle of law was violated. But the board did not increase the valuation; on the contrary, it placed the value of the capital stock at $60,000, and from this deducted the value of the tangible property, $27,830, thus leaving subject to taxation $32,170 as the value of the capital stock.

The trial court erred in finding for the appellee upon the evidence adduced, for upon that evidence the law is with the appellants.

Judgment reversed, with instructions to award a new trial.

COFFEY, C. J., did not take any part in the decision of this case.

Filed Sept. 15, 1891.