[Civil No. 638.    Filed March 15, 1899.]

[56 Pac. 728.]

THE WESTERN INVESTMENT BANKING COMPANY, a Corporation, Plaintiff and Appellant, v. D. L. MURRAY, Treasurer and Ex Officio Tax-Collector of Maricopa County, Territory of Arizona, Defendant and Appellee.

1. STATUTORY CONSTRUCTION—LITERAL READING ABSURDITY—REFORMATION TO ARRIVE AT INTENT OF LAW—LAWS ARIZ. 1897, ACT No. 51, SEC. 4, REFORMED.—When adherence to the punctuation and wording of a statute results in manifest absurdity and inconsistency, evident mistakes, omissions, and the improper use of words may be remedied, and even the structure of sentences altered, in order to arrive at the purpose and intent of the law. Statute, *supra*, reformed.

2. CORPORATION—CAPITAL STOCK—SHARES OF STOCK—DEFINED.—Capital stock is the property of the corporation; shares of stock are the property of the individual holders thereof.

3. TAXES AND TAXATION—ASSESSMENT—SHARES OF BANK STOCK.—In an assessment which states the names of shareholders, and the correct number of shares owned by each, in a banking corporation, it is evident the intent was not to tax the capital stock, but the shares of stock owned by the individual stockholders.

4. SAME—SAME—SAME—ALL BANK STOCK ASSESSABLE IN NAME OF BANK MERE IRREGULARITY—LAWS ARIZ. 1897, ACT No. 51, SECS.

4, 6, CONSTRUED.—Section 4, *supra,* provides that the shares of national bank stock shall be entered and taxed in the names of shareholders; section 6, *supra,* provides that it is the duty of the officer in charge of any banking association to file a sworn statement showing the number and amount of shares of such corporation, the names and residences of the shareholders, and the number and amount of shares owned by each. It is the intent of the act, *supra,* that the shares of all banking associations, as well as national banks, should be listed and assessed in the names of the individual holders thereof, and, under the said statute making it the duty of the officers of the bank to pay the taxes due on such shares and giving the bank a lien to protect it in so doing, while properly shares of bank stock should be listed and assessed in the names of the holders, an assessment in the name of the bank is a mere irregularity, and one which will not warrant the equitable interference of the court.

5. BANKS AND BANKING—WHAT CONSTITUTES A BANK—WITHIN LAWS 1897, ACT No. 51, SEC. 1.—A corporation engaged in the business of receiving money, investing it for its depositors by loaning it in their names, collecting rents, and interest due on such loans as it makes, which interest and rents are subject to check by those for whom collected; and which charges commission on its loans and also a commission on the collection of interest and rents, is a banking association within the meaning of the statute, *supra.*

6. TAXES AND TAXATION—BANKS—OTHER CORPORATIONS — HOW ASSESSED—DOUBLE TAXATION—LAWS ARIZ. 1897, ACT No. 51, CONSTRUED AND HELD NOT TO REPEAL REV. STATS. ARIZ. 1887, PARS. 2630, 2633—NOR ARE THEY REPEALED BY LAWS ARIZ. 1893, ACT No. 85—REV. STATS. U. S. 1878, SEC. 5219, CITED.—Act No. 51, *supra,* does not contemplate "double taxation," but provides that all corporations, including national banks, which otherwise would be exempt under section 5219, *supra,* shall bear their just burden of taxation; and, in order to effect this purpose, in the case of banks, the shares of stock shall be assessed and taxed, and not the corporate property, while in the case of other corporations the assessment shall be upon the corporate property, and not upon the shares of stock. Thus construed, the act, *supra,* is not in conflict with, neither does it nor Act No. 85, *supra,* repeal, paragraphs 2630 and 2633, *supra.*

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

J. B. Woodward, for Appellant.

Thomas E. Flannigan, District Attorney, and Baker & Bennett, for Appellee.

There is a marked distinction between the position of the taxpayer who is proceeding at law, defending upon the ground of the irregularity of the tax, and one who goes into a court of equity seeking affirmative relief. In the former case the taxpayer may stand upon his legal rights and insist upon a more or less strict compliance with the requirements of the law; in the latter case he must bring himself within some recognized principle of equitable jurisdiction. *Bellevue Improvement Co.* v. *Bellevue,* 39 Neb. 876, 58 N. W. 447.

Courts of equity will not interfere to prevent the collection of taxes on the ground of irregularity or illegality in the proceeding, unless they are also inequitable, and to enforce payment thereof would be against conscience. *Spargur* v. *Romine,* 38 Neb. 736, 57 N. W. 523; *State Railroad Tax Cases,* 92 U. S. 575.

In order to invoke the aid of a court of equity to restrain the collection of a tax it must be shown that the tax is not imposed by the statute, or, if so imposed, that the statute is unconstitutional and void. In other words, the form, method, and procedure, however erroneously pursued, are not sufficient to invoke the powers of a court of equity. It must be shown that the substance of the tax itself has not been imposed by the legislature, or that there is no power in the legislature to impose it. *State Railroad Tax Cases,* 92 U. S. 575; *Hixon* v. *Oneida County,* 82 Wis. 515, 52 N. W. 450.

Plaintiff contends that the capital of this company is principally invested in real estate, and that a tax upon such real estate and a tax upon the shares of stock is double taxation. The courts hold to the contrary. The burden of the one falls upon the corporate entity, and the burden of the other falls upon the several shareholders of the bank. This does not constitute double taxation. *Commonwealth* v. *Hillside Cemetery Co.,* 170 Pa. St. 227, 32 Atl. 404; *U. S. Electric Power and Light Co.* v. *State,* 79 Md. 63, 28 Atl. 768; *Porter* v. *Rock Island and St. Louis R. R. Co.,* 76 Ill. 561; *The Danville Lumber and Manufacturing Co.* v. *Parks,* 88 Ill. 463.

SLOAN, J.—The Western Investment Banking Company brought suit in the court below against D. L. Murray, as

treasurer and *ex officio* tax-collector of Maricopa County, to obtain an injunction against the collection of a portion of its taxes assessed for the year 1897. The bank was assessed for the said year upon its real estate and personal property, valued at $7,045.10. There was also placed upon the assessment-roll for the same year, against the name of the bank, property described as: "Capital stock: J. Lutgerding, 1 share; P. L. Kay, 1 share; P. K. Hickey, 10 shares; S. P. Hoefer, 10 shares; M. J. Hickey, 150 shares,—value, $9,125.00." The bank tendered to the said tax-collector the taxes due on its real estate and personal property, but refused to pay the taxes assessed upon the above-described property. The tax-collector refused to accept from the bank any amount of its taxes less than the whole amount charged against it, and in due season advertised the bank's property for sale for the whole amount of the bank's taxes, which had become delinquent; whereupon the bank brought this suit to restrain the sale. Judgment was entered by the court below denying to the appellant the relief prayed for, or any relief in the premises. From this judgment the bank has appealed.

A large number of assignments of error are set up in the brief of appellant, the more important of which we will consider without regard to the order in which they are set out in the brief. Concisely stated, these assignments are based upon the following propositions: First, that the assessment objected to is uncertain and insufficiently described, in that it does not appear therefrom whether the taxation of the capital stock, or the taxation of shares of stock, of the bank, is intended; second, that if the shares of stock owned by the stockholders of the bank are intended to be taxed, then the same are illegally assessed in the name of the bank; third, that the appellant is not of the class of corporations the shares of stock of which are subject to taxation; fourth, that the taxation of the real estate and personal property of the bank, and also of its shares of stock, is double taxation.

The questions here presented involve a construction of that exceedingly crude piece of legislation known as "Act No. 51 of the Laws of 1897." This act reads as follows:—

"An act to amend an act entitled 'An act relating to assessment and collection of taxes,' approved April 13, 1893.

"Be it enacted by the legislative assembly of the territory of Arizona:

"Section 1. That Act No. 85 of the legislative assembly, approved April 13, 1893, be amended so as to read as follows: That all shares of stock of every national bank, or banking association, whether organized under the laws of this territory, or of any other state or territory, or any act of Congress of the United States, and doing business in this territory shall be assessed and taxed in the county where such national bank, or banking association is located for the transaction of business; provided that nothing herein shall be so construed as to tax the shareholders of such national banks and banking associations, at a greater rate than is assessed against other moneyed capital in the hands of individuals.

"Sec. 2. That all shares of stock of every corporation or association in this territory, other than incorporated banking associations that shall engage in the business of banking, in buying and selling exchange, and receiving deposits, shall be assessed and taxed in the county where such association or corporation is located and doing such business, provided, such shares shall not be at a greater rate than is assessed against other moneyed capital in the hands of individual citizens of the territory.

"Sec. 3. That every person, corporation or association, other than national banks, and corporations, and associations that do a banking business, on capital stock divided into, which is represented by shares, who shall engage in the business of banking, buying and selling exchange, and receiving deposits in this territory, on capital stock not represented by, or divided into shares, shall be taxed in the county where such person, corporation, or association is located and doing business, on the cash value of such capital stock to be estimated on the same basis of valuation as other moneyed capital in the hands of individual citizens.

"Sec. 4. The shares of national bank stock shall be entered and taxed in the name of the shareholders of the several shares thereof respectively engaged in the business of banking, and whose capital stock is not divided into or represented by shares, shall be entered and taxed in the name of such person, corporation or association.

"Sec. 5. Upon the demand of the assessor, the president, cashier or other officers in charge of an incorporated national bank association, shall make out and deliver to said assessor,

a sworn statement showing the number of shares of said national bank; the name and residence of each shareholder and the number and amount of shares owned by him. Every shareholder of said national bank shall, in the town or city where said national bank is located, render at their actual cash value to the assessor of taxes, all shares owned by him in such national bank; and in case of his failure to do so, the assessor shall list and assess such unrendered shares as other unrendered property. The taxes due upon the shares of banking corporations shall be a lien thereon, and shall be paid by the cashier or president of such national bank or banking institution and shall be a lien against and assessed to such shares of stock, and no banking corporation shall pay any dividends to any shareholder who is in default in the payment of taxes due on his shares; nor shall any banking corporation permit the transfer on its books, of any shares, the owner of which is in default in the payment of his taxes on the same. That the taxes due on shares of national banks shall be a lien on the same, and no corporation or association shall permit any dividends to be paid to any holder of any such shares, or permit any transfer of the same on its books until the tax thereon shall have been paid.

"Sec. 6. That in the event any president, cashier or other officer in charge of any national bank or other corporation or association engaged in the business of banking in this territory, shall refuse, on the demand of the assessor, to file with said assessor, a sworn statement showing the number and amount of shares of said national bank, or association or corporation, the name and residence of each shareholder, and the number and amount owned by him, as demanded; the said assessor shall at once in the name of the territory, at his relation, institute proceedings in *mandamus,* to compel the statement to be so filed; and in the event of such failure in addition to the taxes due, the said officer, president or cashier, or managing agent so refusing shall forfeit an amount equal to double the amount of said taxes, to be recovered by the county in a civil action as for debt, and go into the school fund of such county where such national bank or association is located; said action to be brought by and in the name of said county.

"Sec. 7. That this act shall take effect," etc.

A cursory reading of the act will disclose bad punctuation, many omissions, and contradictory provisions. Particularly is this true of section 4 of the act. If we adhere strictly to the punctuation and wording of this section, the result is manifest absurdity and inconsistency. It is a settled rule of construction of statutes that where such a result follows a strict adherence to punctuation and the arrangement of words, phrases, and sentences, evident mistakes, omissions, and the improper use of words may be remedied, and even the structure of sentences altered, in order to arrive at the purpose and intent of the law. In section 4 there is evidently an omission between the words "respectively" and "engaged." An analysis of this section and of the preceding one will make it reasonably certain that the omitted words are, "and the capital stock of every person, corporation or association." By inserting a comma after the word "respectively," and adding thereafter the omitted words above given, the section will then read: "The shares of national bank stock shall be entered and taxed in the name of the shareholders of the several shares thereof respectively, and the capital stock of every person, corporation or association engaged in the business of banking, and whose capital stock is not divided into or represented by shares, shall be entered and taxed in the name of such person, corporation or association."

1. Was the assessment in question one upon the capital stock, or one upon the shares of stock, of the bank? There is a clear distinction between capital stock, as that term is used in its precise sense, and the shares of stock of a corporation. The former is the property of the corporation, and the latter is the property of the individual holders of such shares. Inasmuch as the names of the shareholders, and the correct number of shares owned by each, in the Western Investment Banking Company, were stated in the assessment, it is quite evident that the intent was, not to tax the capital stock of the bank, but the shares of stock owned by the individual stockholders.

2. Were these shares of stock incorrectly listed and assessed in the name of the bank? As we have seen, the correct reading of section 4 is "that the shares of national bank stock shall be entered and taxed in the name of the shareholders of the several shares thereof respectively." No reference is

here made to other than the shares of national bank stock. By the provisions of section 6, however, it is made the duty of the officer in charge of any banking association, upon the demand of the assessor, to file with this officer a sworn statement showing the number and amount of shares of such corporation, the names and residences of the shareholders, and the number and amount of shares owned by each. If the purpose of the act was to provide that only the shares of national bank stock should be entered and taxed in the names of the holders thereof, then the provision in section 6 would be without reason or purpose. We think, therefore, the intent of the act was to provide that the shares, not only of national banks, but also of other corporations or associations engaged in the business of banking in this territory, should be listed and assessed in the names of the individual holders thereof. Other provisions of the act, however, make it the duty of the cashier or president of all banks to pay the taxes due upon the shares of stock, and protect such officer in such payment by creating a lien against such shares of stock, and in prohibiting such banks to pay any dividends to any shareholder who is in default in payment of taxes due on his shares, and in prohibiting such banks from transferring on the books any shares the owner or owners of which may be in default in the payment of the taxes due on the same. While, properly, shares of stock in a banking institution should be listed and assessed in the names of the holders thereof, the act, whether or not it makes it the mandatory duty of the officer in charge to pay the taxes, at any rate authorizes and permits such payment by such officer, and protects him in so doing. The relation of agency is thus created, and it therefore makes little or no difference whether the shareholders in the first instance pay the taxes, or whether the managing officer of the corporation pays the taxes due on the shares. At best, the assessment, therefore, on the shares of stock in the name of the bank, is a mere irregularity, and one which will not warrant the equitable interference of the court. It has been repeatedly held that where the objection is to the mere mode of taxation, and does not go to the justness of the tax itself, equity will afford no relief. *State Railroad Tax Cases,* 92 U. S. 575; Cooley on Taxation, p. 336.

3. It is claimed by the appellant that it is not a banking

institution, within the meaning of section 1 of the act. The Western Investment Banking Company is a corporation organized under the General Incorporation Act of the territory, and, as appears from the statement of its cashier, is engaged in the business of receiving money, and investing it for its depositors, by loaning it in their names, and also of collecting rents, and interest due on such loans as the bank may make. The interest and rents thus collected are subject to check by those for whom they are collected. The bank charges a commission on its loans to the borrowers, and also a commission on the collection of interest and rents made by it. The record does not disclose whether, under its articles of incorporation, the bank is thus restricted in its business or not; but, assuming that under its articles it has no power to engage in any other than its present business as described by its cashier, does it properly belong to the category of banking associations? In *Warren* v. *Shook,* 91 U. S. 704, Mr. Justice Hunt, speaking for the court, said: "Having a place of business where deposits are received, and paid out on checks, and where money is loaned upon security, is the substance of the business of a banker." Again, in *Oulton* v. *Institution,* 17 Wall. 109, the following definition is given of a bank: "Strictly speaking, the term 'bank' implies a place for the deposit of money, as that is the most obvious purpose of such an institution. Originally the business of banking consisted only in receiving deposits, such as bullion, plate, and the like, for safe-keeping, until the depositor should see fit to draw it out for use. But the business, in the progress of events, was extended; and bankers assumed to discount bills and notes, and to loan money on mortgage, bond, or other security, and at a still later period to issue notes of their own, intended as a circulating currency and as medium of exchange, instead of gold and silver. Modern bankers frequently exercise any two, or even all three, of those functions; but it is still true that an institution prohibited from exercising any more than one of those functions is a bank, in the strictest commercial sense." We think, under these definitions, the Western Investment Banking Company is now engaged in the business of banking, and, as its name indicates, is a banking association, within the meaning of section 1 of said act No. 51, and that its shares of stock are therefore taxable.

4. Was the taxation of the bank's real estate and personal property, and also of its shares of stock, illegal because in conflict with paragraph 2630 of the Revised Statutes, which declares that nothing in the revenue act shall be construed to require or permit double taxation, or in conflict with paragraph 2633, which reads: "Shares of stock in a corporation possess no intrinsic value over and above the actual value of the property of the corporation for which they stand and represent, and the assessment and taxation of such shares and also of the corporate property would be double taxation. Therefore all property belonging to corporations shall be assessed and taxed, but no assessment shall be made of shares of stock, nor shall any holder thereof be taxed therefor." Is act No. 51, given above, to be construed as repealing the provisions of these sections in so far as they pertain to the assessment of shares of stock of banks and banking institutions? The principle which underlies paragraph 2633 is that the taxation of shares of stock in a corporation, and also of the corporate property, is in effect taxation of the same property. Whether, as an abstract proposition, this be sound or not, we are not concerned, inasmuch as it is the expression of the legislative will. It follows, then, that it is immaterial, so far as the principle is concerned, whether the taxation be upon the property of a corporation or upon the shares of stock. Under the method pointed out for the taxation of corporate property in paragraph 2633, national banks, under the provisions of section 5219 of the Revised Statutes of the United States, escaped taxation upon all of their corporate property, including shares of stock, except such real estate as such banks might hold. It is doubtless for this reason that the legislature passed the act approved April 13, 1893, of which act No. 51 of the Laws of 1897 is an amendment. It is hardly conceivable that the legislature, even if it were assumed that it had the power so to do, would provide for what it has termed "double taxation" in the case of banks and banking institutions, while relieving all other corporations within the territory from this burden. A just and reasonable construction put upon act No. 51 is that it is therein intended that all corporations within the territory, including national banks, which otherwise would be exempt, shall bear their just burden of taxation; and, in order to effect this purpose

in the case of banks, the shares of stock shall be assessed and taxed, and not the corporate property, while in the case of other corporations within the territory the assessment shall be upon the corporate property, and not upon the shares of stock. By thus construing the act, consistency is given it, and it is made harmonious with the clearly expressed policy of the revenue laws as contained in paragraphs 2630 and 2633 of the Revised Statutes, which neither by direct reference nor by necessary implication are repealed, so far as the underlying principle is concerned, by either the act approved April 13, 1893, or by act No. 51 of the Laws of 1897.

The theory of the appellant is altogether at variance with the conclusion we have reached as to the construction to be given to act No. 51. Relief was not sought against the enforcement of the assessment upon the bank's property, but was sought against the enforcement of the assessment and the levy of taxes against the shares of stock of the bank; and as we have held that the latter tax is valid, and there is no such irregularity in the mode and manner of the taxation as to warrant equitable relief, the judgment of the court below must be affirmed.

Doan, J., and Davis, J., concur.