[Civil No. 642.   Filed June 2, 1899.]

[57 Pac. 639.]

THE NATIONAL BANK OF ARIZONA, Plaintiff and Appellant, v. A. A. LONG, City Assessor and Tax-Collector · of the City of Phœnix, Defendant and Appellee.

1. TAXES AND TAXATION—NATIONAL BANKS—PERSONAL PROPERTY—POWER OF CITY TO TAX—REV. STATS. U. S., SEC. 5219, CONSTRUED.—Personal property of a national bank is not taxable by a city under section 5219, *supra,* providing that shares of stock of a national bank may be taxed in the city where the bank is located at the same rate as other moneyed capital in the hands of individual citizens, if such tax be authorized by any statute of the state or territory where such bank is located.

2. SAME—SAME—SHARES OF STOCK—MAY BE, BUT ARE NOT REQUIRED TO BE, TAXED BY CITIES— REV. STATS. U. S. SEC. 5219; LAWS OF ARIZONA, 1897, ACT NO. 51; PHŒNIX CITY CHARTER CONSTRUED.—United States statute, *supra,* permits the taxation of shares of stock of national banks, but the legislature must determine and direct the manner, mode, and place of taxing, and taxation is not required in the absence of action by local legislature.   Act No. 51, *supra,* providing that counties shall tax the shares of stock of any banks therein, does not apply to cities.   The general provision in charter, *supra,* granting the power to levy city taxes upon all real and personal property within the city cannot be construed as directing and determining the manner and place of taxing such shares of stock, or as authorizing their taxation.

3. TAXES AND TAXATION—DOUBLE TAXATION—REVENUE ACT—NOT REPEALED BY ACT NO. 51—BANKING CO. v. MURRAY, ANTE, P. 215, 56 PAC. 728, APPROVED.—Act No. 51 of the Laws of Arizona of 1897 does not repeal the general provisions of the revenue laws with reference to double taxation, but merely changes, in the case of banks and banking institutions, the manner of taxation, by providing for the assessment and taxation of the shares of stock instead of the property of the bank.   *Banking Co.* v. *Murray, supra.*

4. TAXES AND TAXATION—ILLEGAL—EQUITY WILL RELIEVE AGAINST—INJUNCTION.—The taxation by a city of shares of stock of a national bank is not merely an irregularity, but an attempt to tax property which is exempt from taxation, and therefore presents such a case as equity may relieve against by injunction.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge.   Reversed.

The facts are stated in the opinion.

Joseph Campbell, for Appellant.

Shares of the stock of a national bank cannot be assessed unless there is a law passed by the proper lawmaking power authorizing it, in accordance with the permission given by section 5219 of the Revised Statutes of the United States. *People* v. *Moore,* 1 Idaho, 504.

"It is doubtful if Congress in permitting states to tax shares of national banks intended thereby to authorize cities and towns to exercise the same power." *National Bank* v. *Richmond,* 39 Fed. 313.

Not only has the city attempted to tax the bank stock, but it has also taxed the furniture, fixtures, and vault of the bank. Even if there was an ordinance permitting it, it would be illegal. Congress has given permission to a state or territory to pass a law taxing the *shares* to the *shareholders,* and the real estate to the bank. No other property can be assessed or taxed. *Rosenblatt* v. *Johnson,* 104 U. S. 462; *Bank* v. *Covington,* 21 Fed. 484; *First National Bank* v. *Kreig,* 21 Nev. 404, 32 Pac. 641; *Bank of Oskaloosa* v. *Young,* 1 Nat. Bank Cases, 451, 25 Iowa, 311.

Walter Bennett, for Appellee.

SLOAN, J.—The National Bank of Arizona brought this action to enjoin the appellee, A. A. Long, as city assessor and tax-collector of the city of Phœnix, from proceeding to collect, by the sale of the shares of the capital stock and of the personal property of the bank, the delinquent taxes thereon levied by said city for the year 1897. The complaint set up that the said bank, for the year 1897, at the request of said assessor, made out and delivered to the said assessor a list of its shareholders, specifying therein the number of shares that each of said shareholders owned; that thereupon the assessor had placed upon the assessment-roll of the city of Phœnix, and assessed in the name of and against the bank the shares of its capital stock, at a valuation of one hundred thousand dollars, and that said assessor also placed upon said assessment-roll, and assessed to the bank, its furniture, fixtures, and vault, situated in the banking-house of said bank, and used by it in

carrying on its banking business, and fixed and placed the valuation thereof at the sum of two thousand dollars, making a total assessment against the bank in the sum of one hundred and two thousand dollars; that the city thereafter levied upon the said property a tax of $907.80, to which sum has been added $35.60 as delinquent penalties and costs; that the tax-collector has advertised the property so assessed for sale for said taxes. The prayer of the complaint was for a decree declaring the taxes levied as aforesaid void, and for a perpetual injunction against the said tax-collector from proceeding to collect the same.    The city attorney stipulated upon the trial of the action that the allegations contained in the complaint were true, which left no fact to be determined by the court, but only a question of law, which was, were the shares of stock of the bank and its personal property taxable by the city.    The court below gave judgment for the defendant, from which judgment the bank has appealed.

There can be no question but that the personal property of the bank was not taxable by the city under section 5219 of the Revised Statutes of the United States.    Under this section the shares of stock of a national bank may be taxed in the city where the bank is located at the same rate as other moneyed capital in the hands of individual citizens, if such tax be authorized by any statute of the state or territory where such bank is located.    While, by section 5219, the shares of stock of a national bank may be assessed and taxed, it is left to the legislature of each state or territory to determine and direct the manner, mode, and place of taxing the shares of national banks located within such state or territory.    In other words, section 5219 permits the taxation of shares of stock of national banks, but does not, in the absence of local legislation determining and directing the manner and place of such taxation, require such taxation.    The question whether the assessment of the shares of stock of the National Bank of Arizona, of the city of Phœnix, as made in this case, was lawful must be determined by reference to act No. 51 of the Laws of 1897, which is an attempt to determine and direct the manner and place of taxing the shares of national banking associations located within the territory, and also by reference to the provisions of the charter of the city of Phœnix with reference to the taxing power of the city.    Section 1 of said act No. 51

provides that "all shares of stock of every national bank or
banking association . . . shall be assessed and taxed in the
county where such national bank or banking association is
located for the transaction of business." Section 6 provides
that if the sworn statement showing the number and amount
of shares of a national bank or association or corporation, and
the name and residence of each shareholder, and the number
and amount owned by him, be not, on the demand of the
assessor, furnished by the officer in charge of such bank, the
said assessor shall, in the name of the territory, at his relation,
institute proceedings in *mandamus* to compel such statement
to be furnished. It further provides that such officer of such
bank who fails to furnish such statement shall forfeit an
amount equal to double the amount of taxes due, which is to·
be recovered by the county in a civil action as for debt, and,
when so recovered, to go into the school fund of such county
where such bank is located. The act further provides that this
action must be brought by and in the name of such county.
In no provision of the act is reference made to the assessment
and taxation of shares of stock otherwise than by the county
where such national bank or banking association is located,
nor is there any provision for the collection of such tax other-
wise than by such county. That the legislature had in mind
only the taxation of shares of stock by the counties wherein
such bank may be located is further evidenced by the provision
we have referred to above, providing for a penalty for refus-
ing to make the statement required by the act by the officer in
charge of such bank, and for a suit in behalf of and in the
name of the county to recover such penalty, and providing,
when so recovered, that the amount of such penalty shall go
into the school fund. Reading the act as a whole, and scan-
ning every provision it contains, we cannot find any expression
or reference which indicates that act No. 51 was meant to
apply to cities as well as to counties, and to authorize the
former to tax the shares of stock of national banks or other
banking institutions; nor is there any provision of the charter
of the city of Phœnix which by the most liberal construction
can be construed as directing and determining the manner and
place of taxing such shares of stock, unless it can be gathered
from the general provision of the. charter granting the city
power to levy city taxes upon all real and personal property

within the city. A general provision of this kind, which might be construed to permit the taxation of shares of stock in banking institutions owned by residents of such city, where taxation of such shares is not expressly prohibited, cannot, certainly, be construed as authorizing the taxation of shares of stock of a bank located in such city, owned by non-residents of the city. Shares of stock in a corporation are of the class of property which takes the *situs* of its owner. Therefore, before such property can become the subject of taxation within the city, it must be owned by a resident of the city, or there must be some expresss provision of law authorizing its taxation. We held in the case of *Banking Co.* v. *Murray* (decided at this term), *ante,* p. 215, 56 Pac. 728, that the purpose of act No. 51 was not to repeal the general provisions of the revenue laws with reference to double taxation, but merely to change, in the case of banks and banking institutions, the manner of taxation, by providing for the assessment and taxation of the shares of stock instead of the property of the bank. Our construction of said act, limiting it to counties, leaves the power of cities to tax the property of banks unaffected, wherever that could be done before passage of act No. 51.

Construing said act as we do, the attempt on the part of the city of Phœnix to assess and tax the shares of stock of the National Bank of Arizona must be regarded as more than a mere irregularity, and as an attempt to tax property which is exempt from taxation, and therefore presents such a case as equity may relieve against. The judgment of the district court will therefore be reversed, and the cause remanded, with instructions to the court below to enter its judgment in accordance with the prayer of the complaint.

Davis, J., and Doan, J., concur.